PONCE VISTA MAR DEVELOPERS, INC., demandante y recurrida, *v.* GOBIERNO MUNICIPAL AUTÓNOMO DE PONCE, demandado y peticionario.

*Número:* CC-98-20          *Resuelto:* 9 de abril de 1999

*Lemuel Negrón Colón*, abogado de la demandante y recurrida; *Lissette Toro Vélez* y *Luisa González Degró*, abogadas del demandado y peticionario.

PER CURIAM:

I

El 25 de noviembre de 1992, al amparo de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (en adelante Ley de Municipios Autónomos) —Ley Núm. 81 de 30 de agosto de 1991 (21 L.P.R.A. sec. 4001 *et seq.*)([1])— el Gobierno Central, mediante un convenio con el Municipio de Ponce, transfirió a dicho municipio ciertas competencias de la Junta de Planificación (en adelante la J.P.) y de la Administración de Reglamentos y Permisos (en adelante A.R.PE.). Incluyó específicamente "las facultades para recibir, evaluar y decidir sobre peticiones de autorizaciones, permisos o enmiendas" de la J.P. y A.R.PE., referentes a la ordenación territorial. El acuerdo concedió al municipio todas las jerarquías definidas en el Art. 13.012 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4610.([2]) Consecuentemente, y en virtud del Art. 13.013 (21 L.P.R.A. sec. 4611), el Municipio creó una oficina para tramitar las autorizaciones y los permisos, según las facultades conferídales en el convenio.

Ponce Vista Mar Developers, Inc. (en adelante Ponce Vista Mar) solicitó la autorización para el desarrollo preli-

---

([1]) El Art. 14.001 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (en adelante Ley de Municipios Autónomos), 21 L.P.R.A. sec. 4651 —rector de la relación entre el Gobierno Central y el Municipio— provee para la transferencia por el Gobierno Central a los municipios de la ejecución total o parcial de ciertas facultades y funciones de agencias públicas, con sujeción a las leyes aplicables.

([2]) Transferencia de ciertas facultades de la Junta de Planificación (en adelante la J.P.) y la Administración de Reglamentos y Permisos (en adelante A.R.PE.) sobre la ordenación territorial. 21 L.P.R.A. sec. 4610.

minar de un proyecto turístico-residencial en la carretera estatal Núm. 2, Km. 219.6, sector Las Cucharas, en el barrio Canas. La Oficina Municipal de Permisos autorizó *parcialmente* el proyecto. Inconforme, Ponce Vista Mar recurrió ante el Tribunal de Circuito de Apelaciones. El 14 de noviembre de 1997, ese tribunal (Hons. Negrón Soto, Segarra Olivero y Aponte Jiménez, Jueces) devolvió el expediente al Tribunal de Primera Instancia, Sala de Ponce, por entender que era el foro competente. Ponce Vista Mar acudió ante nos.[3] Revisamos mediante *certiorari*.

## II

La única cuestión planteada es determinar el foro competente para revisar las decisiones de la Oficina Municipal de Permisos, en virtud de las facultades de la J.P. y A.R.Pe. transferídales por el Gobierno Central.

Ponce Vista Mar sostiene que la revisión de las determinaciones de la Oficina Municipal de Permisos corresponde al Tribunal de Circuito de Apelaciones, no al Tribunal de Primera Instancia, según intimó el foro apelativo. *Tiene razón*.

 Si bien el Art. 15.002(a) de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4702, otorga jurisdicción exclusiva al Tribunal de Primera Instancia para atender y resolver, a instancia de parte perjudicada, entre otros asuntos, los actos administrativos de cualquier funcionario u organismo municipal, ello debe interpretarse a la luz de todas las disposiciones legales pertinentes.

Al respecto, el Art. 13.002 de dicha ley, *supra*,

---

[3] Señala:

"Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que de la Ley de Municipios Autónomos, el Tribunal de Primera Instancia, Sala de Ponce, es el tribunal con competencia para considerar el recurso presentado por Ponce Vista Mar Developers[,] Inc., contra la resolución de la Oficina de Permisos del Municipio de Ponce." Petición de *certiorari*, pág. 4.

permite a los municipios solicitar del Gobernador la transferencia de ciertas facultades de la J.P. y A.R.Pe. sobre la ordenación territorial, incluyendo querellas, autorización y permisos. La transferencia "autorizada se ejercerá conforme a las normas y procedimientos establecidos en la legislación, reglamentación y política pública aplicable a la facultad transferida", incluyendo la Ley de Procedimiento Administrativo Uniforme. Íd. Sin embargo, en cuanto a la revisión de las decisiones del municipio, el Art. 13.016 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4614,(⁴) específicamente señala *que los trámites, los términos y las condiciones para las solicitudes de revisión judicial serán las aplicables a las decisiones de A.R.Pe. y de la J.P., si la competencia de que se trate fue conferida por dichas agencias al municipio*. Estas acciones, dentro del marco legal del estatuto aplicable, se harán de acuerdo con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2101 *et seq*. Veamos.

## III

■ Al examinar la Ley Orgánica de la Junta de Planificación de Puerto Rico, observamos que su Art. 32 (23 L.P.R.A. 63d), según enmendado por la Ley de la Judicatura de Puerto Rico de 1994, otorga(⁵) competencia al Tribunal de Circuito de Apelaciones para revisar sus decisiones, reglamentos, órdenes y resoluciones. Cónsono con

---

(⁴) Dispone, en lo pertinente:

"Los términos, trámites y condiciones para las solicitudes de reconsideración, de apelación o de revisión judicial, de las decisiones del Municipio, serán:

"(a) los aplicables a las decisiones de la Administración de Reglamento y Permisos si la competencia de que se trate le fue transferida por dicha agencia al municipio.

"(b) los aplicables a las decisiones de la Junta de Planificación si la competencia le fue transferida de dicha agencia al municipio."

(⁵) Art. 4.002(g) de la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. 22k(g).

estas disposiciones, la Sec. III–B–7 del *Convenio de Transferencias de Competencias de la Junta de Planificación y A.R.Pᴇ. al Municipio de Ponce* dispuso que:

[l]os términos, trámites y condiciones para las solicitudes de reconsideración, de apelación o de revisión judicial de las decisiones del MUNICIPIO al poner en vigor las facultades que le son transferidas mediante este convenio serán los aplicables a las decisiones de la ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, si la competencia de que se trata le fue transferida de dicha agencia al Municipio o *los aplicables a decisiones de la JUNTA DE PLANIFICACIÓN, si la competencia de que se trate le fue transferida de dicha agencia al Municipio*. Apéndice, págs. 88–89.

Estas acciones del Municipio de Ponce, conforme al esquema legal del estatuto aplicable, se harán de acuerdo con las disposiciones de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.

De igual manera, la Sec. 20.00 del Reglamento de Planificación Núm. 24, Sobre los Planes de Ordenamiento Municipal y la Transferencia y Administración de Facultades, con respecto a la revisión judicial, señala:

"Reconsideración y Revisión Judicial B Los términos trámites y condiciones para las solicitudes de reconsideración, de apelación o de revisión judicial de las decisiones del municipio, serán:
1. Las aplicables a decisiones de la ARPE, si la competencia de que se trate le fue transferida de dicha agencia al municipio.
2. Las aplicables a decisiones de la Junta, si la competencia de que se trate le fue transferida de dicha agencia al municipio." Citado de la Petición de *certiorari*, pág. 7.

Un análisis integral de estas disposiciones legales y reglamentarias revela claramente que las decisiones de la Oficina de Permisos del Municipio, tomadas en virtud de las facultades transferídales de la J.P. y A.R.Pᴇ., son revisables por el Tribunal de Circuito de Apelaciones. Es en

efecto una excepción a la norma general, de que el Tribunal de Primera Instancia tiene competencia exclusiva para revisar los actos administrativos de cualquier funcionario u organismo municipal.

El Tribunal de Circuito de Apelaciones fundamentó su dictamen en que la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico no aplica a los municipios por éstos no estar comprendidos en la definición de agencia que dicha ley provee.(6) Aplicó erróneamente la norma general de la competencia exclusiva del Tribunal de Primera Instancia en asuntos municipales. No tomó en cuenta que en los casos particulares como el de autos —en que la competencia de la Oficina de Permisos Municipal fue transferida de la J.P. y A.R.Pe.— el Art. 13.016 de la misma Ley de Municipios Autónomos, *supra*, dispuso, como ya explicamos, *que la competencia para revisar sus decisiones es del Tribunal de Circuito de Apelaciones*. El efecto lógico de este Art. 13.016 es la inaplicabilidad del citado Art. 15.002, en los casos allí previstos.

*Se dictará la correspondiente sentencia revocatoria.*

---

(6) Si bien la definición de agencia en la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico excluye a los municipios, la Ley de Municipios Autónomos incorpora dicha ley en numerosas instancias de actuaciones municipales.