En el Tribunal Supremo de Puerto Rico

| Ana Martínez Conde<br>        Recurrente<br><br>                V.<br><br>Departamento de Educación<br>        Recurrido | Certiorari<br><br>99 TSPR 100 |

Número del Caso: CC-1996-0054

Abogados de la Parte Peticionaria: Hon. Carlos Lugo Fiol,
                                   Procurador General
                                   Lcda. Delmarie Vega Lugo,
                                   Procuradora General Auxiliar

Abogados de la Parte Recurrida:    Cancio, Nadal, Rivera & Díaz
                                   Lcdo. Rafael A. Nadal Arcelay
                                   Lcdo. Neftalí Cruz Pérez

Tribunal de Instancia, Sala Superior de San Juan

Juez del Tribunal de Primera Instancia: Hon. Daniel A. Cabán Castro

Tribunal de Circuito de Apelaciones: Circuito Regional I, Panel IV

Juez Ponente: Hon. Miranda de Hostos

Fecha: 6/25/1999

Materia: Revisión de Decisión Administrativa

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ana Martínez Conde

    Demandante-Recurrente

        v.                            CC-96-54      Certiorari

Departamento de Educación

    Demandado-Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Andréu García

San Juan, Puerto Rico, a 25 de junio de 1999

El presente recurso permite expresarnos en torno a la jurisdicción que posee la Junta de Apelaciones del Sistema de Educación, conforme a la Ley Núm. 115 de 30 de junio de 1965, 18 L.P.R.A. secs. 274 et seq., enmendada por la Ley Núm. 78 de 28 de agosto de 1991, para revisar determinaciones del Secretario del Departamento de Educación. En específico, debemos expresarnos en torno a su autoridad para revisar determinaciones que involucran alegadas violaciones a áreas esenciales del principio de mérito.

                                I.

En 1991, Ana Martínez Conde, maestra del sistema de educación pública, presentó una

querella administrativa ante la División de Quejas y Querellas del Departamento de Educación. En ella alegó que ciertas actuaciones del señor Heriberto López Morales, director asociado de la escuela Ramón Baldorioty de Castro del municipio de Salinas, lugar donde ella trabajaba, lesionaron sus "derechos personales y profesionales". Apéndice de la Petición de Certiorari, en la pág. 30.

Luego de la investigación de rigor, el entonces Secretario de Educación, Sr. José Arsenio Torres, ordenó el archivo de la querella bajo el fundamento de que de ella no surgía evidencia suficiente que sustentara las alegaciones de Martínez Conde. Eventualmente, ésta presentó un escrito de apelación ante la Junta de Apelaciones del Sistema de Educación, [en adelante JASED]. El Departamento de Educación contestó la apelación. Adujo, en esencia, que ni la querella original, ni el escrito de apelación plantean violaciones a las áreas esenciales del principio de mérito, por lo que JASED carecía de jurisdicción para considerar los señalamientos de Martínez Conde.

Luego de celebrar una vista para discutir las alegaciones de la partes, JASED emitió una resolución en la cual decretó el archivo de la querella por falta de jurisdicción. Una moción de reconsideración de la querellante fue rechazada de plano.

Inconforme, y según las disposiciones de la Ley de la Judicatura vigentes en ese momento, Martínez Conde presentó un recurso de revisión judicial ante este Foro. Planteó que JASED erró "al declararse sin jurisdicción para entender en el caso de epígrafe, por la acción no estar basada en violaciones al principio del mérito". Así las cosas, el caso fue referido a un juez de la extinta Unidad Especial de Jueces de Apelaciones, el cual eventualmente emitió sentencia mediante la cual devolvió el caso a JASED por estimar que dicho foro administrativo poseía jurisdicción para considerar los planteamientos de Martínez Conde. Asimismo, ordenó la celebración de una vista evidenciaria en donde se dilucidaran las alegaciones de la querellante.

Ante ello, el Departamento de Educación acudió ante el Tribunal de Circuito de Apelaciones mediante recurso de certiorari. Dicho foro apelativo se negó a expedir el auto y revocar la determinación recurrida por estimar que JASED "tenía jurisdicción en la querella por ser sobre áreas relacionadas con el principio de mérito". Resolución de 17 de enero de 1996, en la pág. 7.

No conforme, el Departamento de Educación acudió ante nos. Accedimos a revisar. Plantea como único señalamiento de error que incidió el foro apelativo al resolver que JASED posee jurisdicción para considerar la querella de Martínez Conde bajo el fundamento de que la misma está relacionada con las áreas esenciales al principio de mérito.

II.

En 1990, la Legislatura aprobó la Ley Núm. 68 de 28 de agosto de 1990, conocida como la Ley Orgánica del Departamento de Educación, 3 L.P.R.A. secs. 391 et seq. Con ella se reorganizó todo el sistema de enseñanza pública en Puerto Rico, lo que incluyó la incorporación de cambios a los esquemas administrativos que rigen los asuntos de personal.

La Ley Núm. 68 dispuso que "[e]l Departamento [de Educación] administrará su propio sistema de personal, **basado en el principio de mérito**, tanto para el personal docente como el clasificado sin sujeción a [la Ley Núm. 5 de 14 de octubre de 1975, según enmendada, conocida como la Ley de Personal del Servicio Público de Puerto Rico]". 3 L.P.R.A. sec. 391(d) (énfasis suplido); véase, 3 L.P.R.A. secs. 1301 et seq., véase en específico, 3 L.P.R.A. sec. 1343.

Hasta entonces, el Departamento de Educación contaba con la Junta de Apelaciones del Sistema de Instrucción Pública, Ley Núm. 115 de 30 de junio de 1965, supra, como foro apelativo para revisar determinaciones del Secretario de Educación. El ámbito jurisdiccional de este foro administrativo, sin embargo, estaba limitado a controversias relacionadas a la suspensión o cancelación de un certificado de maestro. No tenía jurisdicción para considerar apelaciones que involucraran alegadas violaciones al principio de mérito. En esa materia, era la Junta de

Apelaciones del Sistema de Administración de Personal [en adelante JASAP] el foro apelativo con jurisdicción.

En vista de ello, y luego de la aprobación de la Ley Núm. 68 en 1990 que excluyó al Departamento de Educación de la sujeción a la Ley de Personal del Servicio Público y de la jurisdicción de JASAP, en 1991 se aprobó la Ley Núm. 78 de 28 de agosto de 1991, para enmendar la Ley Núm. 115 y reestructurar la Junta de Apelaciones del sistema educativo. Su Exposición de Motivos establece claramente que su objetivo fue ampliar la jurisdicción apelativa de la JASED dotándola de jurisdicción sobre "todas las controversias relacionadas a las áreas esenciales al principio del mérito". Leyes de Puerto Rico 422 (1991).

La nueva ley derogó el esquema apelativo anterior y creó la JASED como nuevo foro apelativo. 18 L.P.R.A. sec. 274(e). En cuanto a su jurisdicción apelativa, dispuso que tendría jurisdicción para considerar los siguientes asuntos:

(a) En las acciones de personal descritas en los Artículos 1, 2, 3 y 15 de esta Ley.[1]

(b) En los casos de ciudadanos, cuando aleguen que una acción o decisión que les afecta viola sus derechos a ingresar en el Sistema de Personal del Departamento de Educación en cumplimiento con el principio del mérito.

(c) En los casos de maestros o empleados cuando aleguen que una acción o decisión del Secretario de Educación viola sus derechos en las áreas esenciales al principio de mérito conforme a las leyes y reglamentos aplicables del departamento de Educación.

(d) En toda acción o decisión relacionada con la concesión, denegación y/o modificación de certificado de maestro conforme a las disposiciones de la Ley Núm. 94 de 21 de julio de 1955, según enmendada, y sus reglamentos.

(e) En casos de maestros o empleados cuando sea de aplicación las disposiciones de la Ley Núm. 56 de 16 de agosto de 1989 que surjan de una acción o decisión del Departamento tomada en o después del 28 de agosto de 1990 [...].

---

[1] Las acciones de personal descritas en los artículos citados son, respectivamente, las siguientes: (1) reclamaciones que surjan como consecuencia de la cancelación o suspensión de una licencia de maestro, 18 L.P.R.A. sec. 274;(2) reclamaciones surgidas como consecuencia de la imposición de una medida correctiva 18 L.P.R.A. sec. 274(a); (3) reclamaciones relacionadas al cumplimiento de los deberes de los maestros y empleados, 18 L.P.R.A. sec. 274-2; y (4) reclamaciones originadas como consecuencia de una separación del servicio de un empleado o maestro, 18 L.P.R.A. sec. 274(j).

3 L.P.R.A. sec. 274(e)-1

Como indicamos antes, el Tribunal de Circuito de Apelaciones estimó que la reclamación de Martínez Conde involucraba una violación al principio de mérito. Luego de enumerar las sanciones a las que se expone un maestro si incurre en conducta contraria a las leyes y reglamentos de personal del sistema de educación pública, dicho foro razonó que las medidas disciplinarias contenidas en la ley,

> están relacionadas con las áreas esenciales al principio de mérito, puesto que las mismas inciden con la permanencia de un maestro en su posición, ascensos dentro del sistema, aumentos de sueldo, bonificaciones y medidas correctivas que se impongan, lo cual presupone que los mejores y más competentes servidores públicos ocupen las posiciones en el magisterio en nuestro país. Resolución de 17 de enero de 1996, en la pág. 5.

En vista de ello concluyó que,

> [d]e las circunstancias alegadas en la querella presentada por la parte recurrida sobre persecución, hostigamiento, violación a sus derechos personales y profesionales por parte del Director Asociado de su escuela y sin que se adjudique la validez de las mismas, concluimos que [...] las mismas están relacionadas con áreas esenciales al principio de mérito según antes mencionamos y [JASED] tiene jurisdicción apelativa para considerarlas. Id., en las págs. 5 y 6.

Examinadas las alegaciones de la querella de Martínez Conde y las disposiciones estatutarias y reglamentarias aplicables, entendemos que erró el tribunal apelativo al así resolver. Elaboremos.

B.

En nuestro ordenamiento jurídico existe una clara política pública que pretende que el mérito sea el criterio rector en el reclutamiento, selección, ascenso, traslado, descenso, clasificación de puestos, adiestramiento y retención de los empleados del servicio público. Olivieri Morales v. Pierluisi, 113 D.P.R. 790 (1983). Ese es el mandato de la Ley de Personal del Servicio Público, supra, cuando pretende asegurar "que sean los más aptos los que sirvan al Gobierno y que todo empleado sea seleccionado, adiestrado, ascendido y retenido en su empleo en consideración al mérito". 3 L.P.R.A. sec. 1311(1), véanse, Torres Solano v. P.R.T.C., 127 D.P.R. 499 (1990); Torres Ponce v. Jiménez, 113 D.P.R. 58, 79 (1982). Este principio rector aplica tanto a los empleados

adscritos al Servicio Central de Personal, como a los empleados de agencias que operan como administradores individuales. Torres Ramos v. Policía de Puerto Rico, Opinión y Sentencia de 30 de junio de 1997, ___ D.P.R. ___ (1997); Díaz González v. Tribunal Superior, 102 D.P.R. 195 (1974).

Aunque el Departamento de Educación opera sin sujeción a la Ley del Servicio Público, conforme a su Ley Orgánica opera su propio sistema de personal basado en el principio de mérito. 3 L.P.R.A. sec. 391(d). Ello significa que los procedimientos y reglamentos dentro del Departamento de Educación relacionados a asuntos de personal deberán ser consecuentes con dicho principio.

El "Reglamento del Personal Docente del Departamento de Instrucción Pública", hoy Departamento de Educación, Reglamento 3083 de 27 de enero de 1984, establece que el principio de mérito,

> [s]ignifica el concepto de que los empleados públicos deben ser seleccionados, ascendidos, retenidos y tratados en todo lo referente a su empleo sobre la base de la capacidad, sin discrimen por razón de raza, color, sexo, nacimiento, edad, origen o condición social, ni por sus ideas políticas o religiosas. Art. 18(44).

Una definición similar está contenida en el "Reglamento Procesal de la [JASED]" de 1991. Art. 10 (23).[2] Ambas disposiciones, a su vez, son consecuentes con el esquema que establece la Ley de Servicio Público.

De conformidad con lo anterior, el "Reglamento de Personal Docente del Departamento de Educación", supra, establece que las áreas esenciales al principio del mérito lo conforman los aspectos concernientes a: (1) los planes de clasificación de puestos del personal docente, Art. 5; (2) el reclutamiento y selección de maestros, Art. 6; (3) el reclutamiento y selección de personal directivo, técnico y de supervisión, Art. 7; (4)

---

[2] El "Reglamento Procesal de la Junta de Apelaciones del Sistema de Educación Pública" de 31 de octubre de 1991 define el principio de mérito de la siguiente forma:

> Concepto de que todos los empleados del Sistema de Educación deben ser seleccionados, adiestrados, ascendidos, retenidos y tratados en todo lo referente a su empleo sobre la base de la capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen, o condición social ni a sus ideas políticas o religiosas. Art. 10 (23).

los reingresos al sistema, Art., 8; (5) los ascensos, traslados y descensos, Art. 9; (6) la retención en el servicio público, Art. 10; y (7) el adiestramiento de los empleados, Art. 11.

Como puede apreciarse, el mérito como principio rector en los asuntos de personal impone en la autoridad nominadora la obligación de que sus determinaciones administrativas relacionadas a la selección, ascenso, retención, clasificación, retribución, reingreso, descenso, traslado y adiestramiento de los empleados sean tomadas exclusivamente sobre la base de la capacidad, sin que medien consideraciones de raza, color, sexo, nacimiento, edad, origen o condición social, o ideas políticas o religiosas.

Las alegaciones de la señora Martínez Conde no se enmarcan en ninguna de las instancias relacionadas a áreas esenciales al principio del mérito. No ha alegado que el Director Escolar querellado o algún funcionario del Departamento de Educación haya tomado alguna acción de personal que la afecte y que incida sobre las áreas esenciales al principio de mérito, según definidas en el esquema administrativo vigente. Los hechos alegados como constitutivos de una violación de sus "derechos personales y profesionales" en su querella sólo pretenden describir lo que a su juicio constituye un cuadro de hostigamiento y persecución por parte de su director escolar, sin vínculo con los supuestos inmersos en el principio de mérito.[3] Erró el foro apelativo al decidir de otro modo.

### III.

La parte recurrida sostiene, además, que la JASED posee jurisdicción para considerar su reclamación debido a que versa sobre un asunto comprendido dentro de los artículos 1 y 3 de la ley 115, los cuales establecen los deberes de los maestros y empleados dentro del sistema de

---

[3] La queja presentada por Martínez Conde se enmarca en incidentes de naturaleza administrativa, que caen dentro del ámbito normal de diferencias de criterios entre un maestro y su director escolar, tales como ausencias por motivo de enfermedad, acomodo de grupos y disciplina de los estudiantes.

educación pública.[4]   Su razonamiento, en esencia, consiste en que sus

alegaciones de hostigamiento y persecución implican una falta por parte

---

[4] Estos artículos disponen:

Artículo 1 – Cancelación o suspensión de certificado de maestro – Causas

El Secretario de Educación podrá cancelar el certificado de cualquier maestro permanentemente o suspender dicho certificado por tiempo determinado mediante el procedimiento que aquí se dispone, por cualesquiera de las siguientes causas:

(a)   Prevaricación, soborno o conducta inmoral.
(b)   Incompetencia en el desempeño de las funciones como maestro.
(c)   Negligencia en el desempeño de las funciones como maestro.
(d)   Insubordinación.
(e)   Convicción por un tribunal de justicia por cualquier delito grave o menos grave que implique depravación moral.
(f)   Incurrir en conducta prohibida por el Artículo 3.14 de la Ley Núm. 68 de 28 de agosto de 1990, según enmendada.
(g)   Observancia de una conducta desordenada, incorrecta o lesiva al buen nombre del Sistema de Educación Pública de Puerto Rico.
(h)   Posesión del certificado mediante fraude o engaño.
(i)   Incurrir en violaciones a la Ley Núm. 12 de 24 de julio de 1985, según enmendada, conocida como "Ley Etica Gubernamental del Estado Libre Asocido de Puerto Rico" según determine administrativamente el Director de la Oficina de Etica Gubernamental o un tribunal con jurisdicción.

Artículo 3

Deberes de maestros o empleados

Los maestros o empleados del sistema de educación pública tendrán entre otros los siguientes deberes y obligaciones:
(a) Asistir al trabajo con regularidad y puntualidad, y cumplir la jornada de trabajo establecida.
(b) Observar normas de comportamiento correcto, cortés y respetuoso en sus relaciones con sus supervisores, compañeros de trabajo y ciudadanos.
(c) realizar eficientemente y con diligencia las tareas y funciones asignadas a su puesto y otras compatibles con las que se le asignen.
(d) corresponder a las instrucciones de sus supervisores compatibles con la autoridad delegada en éstos y con las funciones y objetivos de la agencia.
(e) Mantener la confidencialidad de aquellos asuntos relacionados con su trabajo, a menos que reciba un requerimiento o permiso de autoridad competente que así lo requiera. Nada de lo anterior menoscabará el derecho de los ciudadanos que tienen acceso a documentos y otra información de carácter público.
(f) Estar disponible a prestar sus servicios cuando la necesidad así lo exija y previa la notificación correspondiente, con antelación razonable, salvo que el maestro o empleado tenga justa causa para no hacerlo.
(g) vigilar, conservar y salvaguardar documentos, bienes e intereses públicos que estén bajo su custodia.
(h) Cumplir con las disposiciones de las leyes y reglamentos aplicables al Departamento de Educación y con las órdenes emitidas en virtud de las mismas.
Los maestros o empleados no podrán:
(a) Utilizar su posición oficial para fines políticos partidistas o para otros fines no compatibles con el servicio público.
(b) Realizar funciones o tareas que conlleven conflictos de intereses con sus obligaciones como maestros o empleados del sistema de educación pública.
(c) Observar conducta incorrecta o lesiva al buen nombre del Departamento de Educación o al Gobierno de Puerto Rico.

del querellado a su deber de no incurrir en conducta desordenada o lesiva al buen nombre del Departamento de Educación y a su deber de cordialidad y respeto hacia sus compañeros de trabajo. Estos deberes están contenidos en los artículos 1(g) y 3(b), respectivamente, de la ley 115, los que, a su vez, está enumerados en el artículo 7 de la ley que establece los asuntos sobre los cuales la JASED posee jurisdicción. De este modo, aduce que JASED tiene jurisdicción,

> para entender en cualquier querella donde se alega que un maestro ha observado una conducta desordenada, incorrecta y lesiva al buen nombre del Sistema de Educación Pública (Art. 1(g)), [y en] querellas de un maestro que no observe normas de comportamiento correcto, cortés y respetuoso en sus relaciones con sus supervisores, compañeros de trabajo y ciudadanos (Art. 3(b)) [...]. Alegato de la parte recurrida, en la pág. 5 (énfasis suplido).

No nos persuade. Conforme lo antes dicho, el inciso (a) del artículo 7 de la ley 115 establece que la JASED tendrá jurisdicción, entre otras: "[e]n las **acciones de personal** descritas en los artículos 1, 2, 3 y 15 de la Ley". La ley claramente establece que la jurisdicción de JASED será en relación a **acciones de personal** tomadas por la autoridad nominadora según lo dispuesto en los artículos 1, 2, 3 y 15 de la ley.

Al respecto, las acciones de personal aludidas en dicho inciso son: (1) reclamaciones que surjan como consecuencia de la <u>cancelación o suspensión</u> de una licencia de maestro, Art. 1, 18 L.P.R.A. sec. 274; (2) reclamaciones surgidas como consecuencia de la <u>imposición de una medida correctiva</u>, Art. 2, 18 L.P.R.A. sec. 274(a); y (3) reclamaciones originadas como consecuencia de una <u>separación del servicio</u> de un empleado o maestro, Art. 15, 18 L.P.R.A. sec. 274(j). La referencia al artículo 3 que enumera los deberes de los maestros y empleados del

(d) Realizar acto alguno que impida la aplicación de esta ley y las reglas adoptadas de conformidad con las mismas ni hacer o aceptar a sabiendas declaración, certificación o informe falso en relación con cualquier materia cubierta por dichas secciones.
(e) Dar, pagar, ofrecer, solicitar o aceptar directa o indirectamente dinero, servicios o cualquier otro valor por o a cambio de una elegibilidad, nombramiento, ascenso u otras acciones de personal.
(f) incurrir en actuaciones que envuelvan una violación a la Ley Núm. 12 de 24 de julio de 1985, según enmendada, conocidas como "Ley de Etica Gubernamental del Estado Libre Asociado de Puerto Rico", según determine administrativamente el Director de la Oficina de Etica Gubernamental o un tribunal con jurisdicción. 18 L.P.R.A. sec.

sistema de educación pública no tiene el alcance de conferirle jurisdicción apelativa a la JASED cuando se presenta una querella que involucra alguno de los deberes allí señalados. La jurisdicción de la JASED surge cuando, demostrado el incumplimiento del deber establecido en el artículo 3, la autoridad nominadora toma una acción de personal. Dicho de otro modo, JASED tiene jurisdicción para revisar una determinación del Secretario de Educación relacionada con los deberes de un maestro o empleado, luego de que éste toma una medida correctiva por violación a esos deberes. Es esta la **acción de personal** a la que alude el artículo 7 de la Ley 115 para propósitos del artículo 3.

En armonía con lo anterior, el "Reglamento Procesal de la Junta de Apelaciones del Sistema de Educación Pública", al delimitar su jurisdicción con relación a los deberes de empleados y maestros, establece que JASED tendrá jurisdicción apelativa para considerar apelaciones de "[m]aestros o [e]mpleados afectados por una formulación de cargos para la cancelación de los certificados de maestro, o suspensión de empleo y sueldo, o destitución, o **cualquier medida correctiva tomada por el Secretario de Educación**, de acuerdo con la Ley, según sea el caso, **por violaciones a sus deberes y obligaciones**". Art. 1.3 (énfasis suplido)[5]; <u>véase además</u>, Art. 1.4.[6]

---

274-2.

[5] El artículo completo dispone:

1.3 – Maestros o Empleados afectados por una formulación de cargos para la cancelación de los certificados de maestro, o suspensión de empleo y sueldo, o destitución, o cualquier medida correctiva tomada por el Secretario de Educación, de acuerdo con la Ley, según sea el caso, por violaciones a sus deberes y obligaciones, Entre dichas violaciones, las siguientes.
a. No asistir al trabajo con regularidad y puntualidad, y no cumplir la jornada de trabajo establecida.
b. No observar normas de comportamiento correcto, cortés y respetuoso en sus relaciones con sus supervisores, compañeros de trabajo y ciudadanos.
c. No realizar eficientemente y con diligencia las tareas y funciones asignadas a su puesto y otras compatibles con las que se le asignen.
d. No corresponder a las instrucciones de sus supervisores compatibles con la autoridad delegada en éstos y con las funciones y objetivos de la agencia.
e. No mantener la confidencialidad de aquellos asuntos relacionados con su trabajo, a menos que reciba un requerimiento o permiso de autoridad competente que así lo requiera. nada de lo anterior menoscabará el derecho de los ciudadanos que tienen acceso a los documentos y otra información de carácter público.

Conforme a la discusión precedente, en la actualidad JASED es el foro apelativo administrativo con jurisdicción para considerar, o bien determinaciones administrativas de naturaleza disciplinaria que se tomen contra un maestro o empleado --ya sea cancelación, suspensión, denegación o modificación de un certificado de maestro, suspensión de empleo y sueldo, destitución, determinación de violación de deberes y obligaciones, formulación de cargos o imposición de medidas correctivas--, o bien actuaciones administrativas que impliquen violación al principio de mérito.

En la primera circunstancia, es el maestro afectado por una sanción administrativa quien acude a la JASED para cuestionar esa determinación. En la segunda circunstancia, es, también la persona afectada por la determinación administrativa, que alega constituye una violación al principio del mérito, quien tiene derecho a acudir ante la JASED.

---

f. No estar disponible a prestar sus servicios cuando la necesidad así lo exija y previa la notificación correspondiente, con antelación razonable, salvo que el maestro o empleado tenga justa causa para no hacerlo.
g. No vigilar, conservar y salvaguardar documentos, bienes e intereses públicos que estén bajo su custodia.
h. No cumplir con las disposiciones de las leyes y reglamentos aplicables al Departamento de Educación y con las órdenes emitidas en virtud de las mismas.

[6] El artículo 1.4 dispone, por su parte, que la JASED tendrá jurisdicción apelativo en el siguiente tipo de casos:

1.4 – Maestros o Empleados afectados por una formulación de cargos por escrito para la cancelación del certificado de maestro, o suspensión de empleo y sueldo, o destitución, o cualquier medida correctiva tomada por el Secretario de Educación, de acuerdo con la Ley, según sea el caso, por:
a. Utilizar su posición oficial para fines políticos partidistas o para otros fines no compatibles con el servicio público.
b. Realizar funciones o tareas que conlleven conflictos de intereses con sus obligaciones como maestro o empleados del Sistema de Educación Pública.
c. Observar conducta incorrecta o lesiva al buen nombre del Departamento de Educación o al gobierno de Puerto Rico.
d. Realizar acto alguno que impida la aplicación de la Ley 115, según enmendada y las reglas adoptadas de conformidad con la misma ni hacer o aceptar, a sabiendas, declaración, certificación o informe falso en relación con cualquier materia cubierta por la Ley.
e. Dar, pagar, ofrecer, solicitar o aceptar directa o indirectamente dinero, servicios o cualquier otro valor por o a cambio de una elegibilidad, nombramiento, ascenso u otras acciones de personal.
f. Incurrir en actuaciones que envuelvan una violación a la Ley Núm. 12 de 24 de julio de 1985, según enmendada, conocida como "Ley de Etica Gubernamental del Estado Libre Asociado de Puerto Rico", según determine administrativamente el Director de la

Las circunstancias alegadas por Martínez Conde no constituyen acciones de personal para propósitos de la jurisdicción de la JASED. Son meramente situaciones o supuestos que permiten al Secretario de Educación tomar acción disciplinaria contra el empleado querellado. No es sino hasta que la autoridad nominadora toma una acción de personal que la parte afectada por ella tiene derecho a apelar ante la JASED.

Por lo anterior, somos de opinión que en el caso de autos JASED tampoco posee jurisdicción al amparo del artículo 7(a) de la ley 115. No ha mediado cancelación o modificación del certificado de maestro de la señora Martínez Conde. La peticionaria no ha sido suspendida o disciplinada en forma alguna. Tampoco ha sido procesada por una violación a las normas y reglamentos del Departamento de Educación. El Secretario de Educación tan sólo ha ordenado el archivo de una querella instada por ella contra un director escolar por estimar que carece de fundamentos. Este supuesto no está contemplado en la ley como una de las instancias en las que JASED posee jurisdicción apelativa.

Procede, por lo tanto, revocar la determinación del Tribunal de Circuito de Apelaciones y reinstalar la decisión de JASED por carecer dicho foro de jurisdicción para revisar la desestimación de la querella instada por Martínez Conde.

No teniendo JASED jurisdicción para considerar la reclamación de la señora Martínez Conde, ese foro no está obligado en derecho a celebrar una vista administrativa para considerar sus planteamientos, según lo resuelto por el tribunal de apelaciones y por la extinta Unidad Especial de Jueces de Apelaciones.

Se emitirá la correspondiente sentencia revocatoria.


José A. Andréu García
Juez Presidente

_____

Oficina de Etica Gubernamental o un Tribunal con jurisdicción.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ana Martínez Conde

    Demandante-Recurrente

       v.                       CC-96-54     Certiorari

Departamento de Educación

    Demandado-Recurrido


SENTENCIA


San Juan, Puerto Rico, a 25 dejunio de 1999


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente sentencia, y habiendo sido expedido previamente el auto de certiorari, se revoca la resolución emitida por el Tribunal de Circuito de Apelaciones (Circuito Regional de San Juan, Panel IV) en el caso KLCE 9500875, _Ana Martínez Conde_ v. _Departamento de Educación_. Se ordena la desestimación del recurso de apelación instado por Ana Martínez Conde ante la Junta de Apelaciones del Sistema de Educación Pública.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo