TEXTO COMPLETO DE LA SENTENCIA
Recurre ante nos el Sr. Ángel L. Rivera Santiago impugnando la validez de cierto reglamento y solicitando *629 su consecuente nulidad, a saber, el Reglamento de la Policía Municipal de Ceiba, de 8 de junio de 1999. Adelanta el recurrente que, “al declararse nulo ab initio dicho reglamento por los fundamentos expuestos en este recurso, son nulas también todas las acciones realizadas a tenor con el mismo. [Por lo que] sería ilegal la suspensión de empleo y sueldo del recurrente de la Policía Municipal de Ceiba, así como el proceso administrativo incoado en su contra para su destitución de dicho cuerpo por alegadas violaciones a este reglamento no tiene fuerza de ley.” (Énfasis en el original.) 
Examinado el expediente en su totalidad, se decreta la nulidad de dicho reglamento.
11
El recurrente Ángel L. Rivera Santiago ingresó a la Policía Municipal de Ceiba en agosto de 1997. Días antes del 1 de noviembre de 2004, le fue notificada al recurrente una carta suscrita el 20 de octubre de 2004 por el señor Héctor L. Marte Figueroa, Comisionado de la Policía Municipal de Ceiba. El propósito de la misiva fue informarle al recurrente que se había presentado ante dicho cuerpo institucional una querella en su contra; la gravedad de las acusaciones, según informado, ameritaba su destitución inmediata como miembro del Cuerpo de la Policía Municipal de Ceiba.
Oportunamente, el recurrente solicitó al referido foro la celebración de una vista administrativa ante un Oficial Examinador Externo, según nombrado por el cuerpo municipal. Mediante la celebración de la vista, el recurrente interesaba cuestionar la procedencia de las supuestas violaciones al Artículo VIII del Reglamento de la Policía Municipal de Ceiba (Procedimientos en la Tramitación de Faltas Graves y Leves) y la validez, si alguna, de los preceptos regulados allí.
Sobre el particular, y a instancias de la parte recurrente, el 30 de junio de 2005, la Oficina de Certificaciones y Reglamentos adscrita al Departamento de Estado del Estado Libre Asociado de Puerto Rico, emitió una certificación haciendo constar lo siguiente:

“Que el Municipio de Ceiba no ha radicado en este Departamento, a tenor con las disposiciones del (sic) la Ley 81 de 30 de agosto de 1991 y bajo la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, el Reglamento de la Policía Municipal.”

(Énfasis en el original.) 
Como resultado de ello, el 12 de julio de 2005, el recurrente acudió ante nos mediante el recurso de epígrafe, formulando los siguientes dos errores:

“Erró el Municipio de Ceiba al no [presentar] ante el Departamento de Estado el Reglamento de la Policía Municipal de Ceiba viciando de nulidad el mismo ab initio deforma insubsanable.

Erró el Municipio de Ceiba al incoar un proceso de destitución contra el recurrente y suspenderlo de empleo y sueldo en (sic) base a alegadas violaciones de un reglamento nulo ab initio. ”

Con el beneficio de varias comparecencias de ambas partes, habiendo analizado el expediente ante nos en su totalidad y conforme el derecho aplicable vigente, conferimos la nulidad advertida del reglamento de referencia.
m
Por estar intrínsicamente relacionados, discutiremos en conjunto los dos errores planteados.
*630 A
De entrada, conviene puntualizar que la jurisdicción para atender este recurso no está en controversia, como bien el recurrente expone. No obstante, consignamos lo expresado sobre este aspecto por D. Fernández Quiñones, Derecho Administrativo y Ley Uniforme de Procedimiento Administrativo, 2da ed., Colombia, Ed. Forum, 2000, a laspágs. 121-122.
Dispone la [Ley Núm. 170 de 12 de agosto de 1988, según enmendada, {“Ley de Procedimiento Administrativo Uniforme” o “L.P.A.U.”)] lo siguiente:

“(b) Cualquier acción para impugnar la validez de su faz de una regla o reglamento o el incumplimiento de las disposiciones de este Capítulo deberá iniciarse en el Tribunal Superior con competencia dentro de los treinta (30) días siguientes a la fecha de vigencia de dicha regla o reglamento.

Es irreconciliable la expresión “de la validez de su faz”, por el incumplimiento, toda vez que la regla no refleja de su faz el incumplimiento de lo pautado por la ley. El incumplimiento de los requisitos que darían lugar a una acción de nulidad no resultan de la faz de la norma aprobada. Es el producto de una inacción o desatención de los funcionarios que intervienen en la adopción de la regla. Causa la impresión de que transcurrido el término de treinta días desde la fecha de vigencia de la regla se carece de una acción judicial para exigir la nulidad. Tal interpretación nos parece insostenible en el caso de que se haya violado el requisito de publicación. Si el reglamento no se presentó en la Secretaría del Estado o no se publicó un resumen del reglamento en un periódico de circulación general, se incumple con requisitos que lo vician de nulidad ab initio. La nulidad de la cual sufre el reglamento es insubsanable. Se trata de que la ciudadanía a la cual se le aplica el reglamento tenga conocimiento de su existencia.

Si se optara por la interpretación de que los treinta días es un período de caducidad, los requisitos carecerían de importancia. El período fijado podría ser cuestionado constitucionalmente por violentar el impacto de la acción de nulidad. (Enfasis Nuestro). ”

Aun cuando reconozcamos que el recurrente se encuentra en medio de un proceso administrativo adjudicativo ante el Municipio de Ceiba obligándonos a abstenemos de intervenir hasta tanto culmine el proceso administrativo, Acevedo v. Mun. de Aguadillo, 2001 J.T.S. 54, la naturaleza del remedio solicitado, a saber, la impugnación del Reglamento de la Policía Municipal de Ceiba, nos confiere jurisdicción primaria sobre el asunto traído a colación.
En otras palabras, debido a que el recurso solicita la declaración de nulidad de un reglamento, la competencia para dirimir el particular surge expresamente de la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, también conocida como la Ley de Municipios Autónomos, 21 L.P.R.A. 4001 et seq. (“Ley de Municipios Autónomos”).
En lo pertinente, el Ait. 1.006 de dicho cuerpo legal, establece claramente que:

(b) Las ordenanzas, resoluciones y reglamentos municipales no podrán suspenderse ni dejarse sin efecto, excepto por orden de tribunal competente.

*631 21 L.P.R.A. 4004.
Finalmente, referente al término de los 30 días dispuesto para solicitar la nulidad de un reglamento, de su faz, en Asoc. Dueños Casas Parguera, Inc. v. J.P., 148 D.P.R. 307 (1999), el Tribunal Supremo recabó que el término de treinta días dispuesto comienza a decursar después de presentados los reglamentos en el Departamento de Estado. En el caso que nos ocupa, dicha presentación no se había dado al 30 de junio de 2005, según se desprende de la Certificación descrita en la relación de hechos esbozada anteriormente, por lo que el término no ha comenzado a comer.
Es decir, a pesar de que el proceso instado por el Municipio de Ceiba en contra del recurrente no ha finalizado, somos el Foro con jurisdicción primaria sobre la controversia de declarar nulo o no el reglamento que nos ocupa.
Resuelta una de las cuestiones de umbral, a saber, la jurisdicción de este Tribunal para atender la controversia planteada, exploremos a fondo la manera, si alguna, en que tanto la Ley de Municipios Autónomos y la L.P.A.U. convergen para determinar la validez del controvertido reglamento.
B
1. La L.P.A.U. y su aplicación a los municipios
Primeramente, corresponde determinar si el Municipio de Ceiba debe ser considerado como una agencia o si queda excluido de la L.P.A.U.
El cuerpo legal de referencia es de aplicación a las agencias administrativas, las cuales son parte de la rama ejecutiva del gobierno, a excepción de las que son excluidas por la propia Ley. D. Fernández, op. cit, supra. A esos efectos, la L.P.A.U., en su Sección 1.4, 3 L.P.R.A. see. 2102 (a), expresa que:

“(a) "Agencia" significa cualquier junta, cuerpo, Tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar, o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar, excepto:

(1) El Senado y la Cámara de Representantes de la Asamblea Legislativa

(2) La Rama Judicial

(3) La Oficina Propia del Gobernador

(4) La Guardia Nacional de Puerto Rico

(5) Los gobiernos municipales o sus entidades o corporaciones

(6) La Comisión Estatal de Elecciones

(7) El Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos

(8) La Comisión para la celebración del Quinto Centenario del Descubrimiento de América y de Puerto Rico. ”

*632 (Énfasis nuestro.)
Además, D. Fernández, op. cit, supra, establece que:

“...la agencia administrativa sólo surge a la vida del derecho a través de una acción legislativa que se concreta en la aprobación de una ley orgánica. Este principio reafirma que las agencias administrativas dentro de nuestro sistema constitucional sólo son criaturas de la Asamblea Legislativa. La ley orgánica o habilitadora que crea y le da vida a la agencia delimita su ámbito de autoridad. Así, la ley orgánica es la fuente primaria de autoridad de la agencia. De ahí que todo estudio deba comenzar en el campo del derecho administrativo, con el acercamiento a la ley orgánica de la agencia concernida y la Ley de Procedimiento Administrativo Uniforme. ”

Como vemos, esta ley, en su inciso (5) específicamente excluyó a los gobiernos municipales.
De otra parte, dispone el Art. 12.002 de la Ley de Municipios Autónomos (renumerado como Art. 11.002 por la Ley Núm. 30 de 10 de enero de 1999), 21 L.P.R.A. 4552, lo siguiente:

“El Alcalde y el Presidente de la Asamblea serán la autoridad nominadora de sus respectivas Ramas de Gobierno municipal.

La Junta de Apelaciones del Sistema de Administración de Personal [5] establecida por las sees. 1301 et seq. del Título 3, conocida como Ley de Personal del Servicio Público, será el organismo apelativo del sistema de administración de personal municipal. Los procedimientos de reglamentación y adjudicación respecto del personal municipal, también estarán sujetos a las sees. 2101 et seq. del Título 3, conocida como Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.” 21 L.P.R.A. sec.4552.
Esta Ley entró en vigor con posterioridad a la L.P.A.U. No obstante, esta última, en su sección 1.2, 3 L.P.R. A. 2101, expone que la política pública del Estado Libre Asociado es alentar la solución informal de las controversias administrativas de manera que resulte innecesaria la solución formal de los asuntos sometidos ante la agencia. Dispone, además, que las agencias establecerán las reglas y procedimientos que permitan la solución informal de los asuntos sometidos ante su consideración, sin menoscabar los derechos garantizados pol-la Ley. Esta sección tiene el propósito de alentar, pero no requiere u obliga a una parte a someter y resolver una controversia a través de medios informales. Indica, a su vez, que sus disposiciones se interpretarán liberalmente, de forma tal que garanticen que los procedimientos administrativos se efectúen en forma rápida, justa y económica y que aseguren una solución equitativa en los casos bajo la consideración de la agencia.
Es menester observar que la Ley de Municipios Autónomos en su art. 12.002, renumerado como el art. 11.02, indica que los procedimientos de reglamentación y adjudicación con relación al personal municipal se someterán a la política pública establecida por el Estado Libre Asociado de alentar la solución informal de las controversias administrativas al menoscabar otros derechos garantizados. Entendemos que ninguna de estas leyes, la L.P.A.U. ni la Ley de Municipios Autónomos, expresa de manera diáfana que los municipios han de ser considerados como agencias. Sabido es, claro está, que en nuestro ordenamiento, los municipios son entidades jurídicas de gobierno local, con capacidad legal independiente y separada de la del Estado Libre Asociado. 21 L.P.R.A. see. 4003. Como entidades jurídicas, gozan de aquellos poderes que le han sido conferidos por ley o que resulten implícitos y necesarios para realizar los expresamente conferidos. Véase, Café Rico, Inc. v. Mun. de Mayagüez, 2001 J.T.S. 152; First Bank de Puerto Rico v. Mun. de Aguadillo, 2001 J.T.S. 9; Aut. de Puertos v. Mun. de San Juan, 123 D.P.R. 496, 503, n.l (1989); 21 L.P.R.A. see. 4002.
La Ley de Municipios Autónomos, en este sentido, establece que los municipios gozan de autonomía en el orden jurídico, económico y administrativo. 21 L.P.R.A. 4004.
*633 Cónsono con la controversia que nos ocupa, resulta meritorio resaltar que la Ley Núm. 133 de 22 de septiembre de 2001, en su Exposición de Motivos hace patente la obligación de los municipios de presentar sus reglamentos tanto en el Departamento de Estado como en la Oficina de Servicios Legislativos. Ello a tono con el interés imperioso de constituir su validez, haciendo públicamente conocido que el incumplimiento de los municipios con dicho deber tiene como consecuencia la nulidad de los mismos y, por ende, su contenido. Esta pieza legislativa expone que, aun cuando los municipios no estaban cumpliendo con la encomienda legal de presentar sus reglamentos ante el Departamento de Estado, ello debía responder a la creencia absoluta que la L. P.A.U. no aplica a los municipios, lo cual no deja de ser cierto, conforme al ordenamiento vigente. Lo que sucede es que, en cuanto a los reglamentos de personal, distinto al caso de los reglamentos generales, se alejan de la norma general, por lo que, a modo de excepción, sí estarán sujetos a la L.P.A.U.
Dicho de otra manera, la Ley Núm. 133, supra, tuvo el efecto agregado, en conjunción con la Sección 4552 de la Ley de Municipios Autónomos, supra, de exceptuar los reglamentos de personal de la acepción general de no aplicabilidad “por cuanto aún cuando la antes citada [L.P.A.U] excluye a los municipios de la definición de agencia, una ley posterior, la Ley [de Municipios Autónomos], dispone que ‘[l]os procedimientos de reglamentación y adjudicación respecto del personal municipal, también estarán sujetos a la [L.P.A.U.]”. Exposición de Motivos, Ley Núm. 133, supra.
A la luz de ello, no albergamos duda alguna que quedó, pues, debidamente consagrado el ineludible deber que tienen los municipios de presentar ante el Departamento de Estado los reglamentos que tengan que ver con aspectos de personal municipal para propósitos de impartirle publicidad y validez a los mismos.
Finalmente, es menester enfatizar que sobre los municipios pende otro mecanismo por el cual deben de haber advenido en conocimiento de su ineludible deber legal de presentar sus reglamentos de personal en el Departamento de Estado y en la Biblioteca Legislativa; rebatiendo ello su posible defensa sobre el desconocimiento de dicha obligación. Veamos.
Mediante el Memorando Circular Núm. 2004-06 de 1 de marzo de 2004, la entonces Comisionada de la Oficina del Comisionado de Asuntos Municipales (“OCAM”) -entidad, la cual, entre otras funciones, tiene la responsabilidad principal de asesorar, regular e intervenir en los procedimientos administrativos y fiscales de los municipios, 21 L.P.R.A. 4901-, advirtió a los 78 municipios, incluyendo el Municipio de Ceiba, por supuesto, sobre el deber que nos ocupa.
En lo particular, dice el referido documento oficial lo siguiente:

“Como resultado de un minucioso estudio de la [L.P.A.U.] y de la [Ley de Municipios Autónomos], la Asamblea Legislativa de Puerto Rico ha determinado que los Municipios deberán presentar en la Biblioteca Legislativa los reglamentos vigentes que estén relacionados con los asuntos de personal de los gobiernos municipales.

Todos los municipios deberán dar fiel cumplimiento a las normas anteriormente expresadas. ”

El Memorando Circular de OCAM también tuvo el efecto de detallar las normas a seguir para que los municipios se guiaran adecuadamente al momento de presentar sus reglamentos de personal en la Biblioteca Legislativa, incluyendo la instrucción de presentar copia de una certificación “donde conste que el mismo es copia fiel y exacta del presentado en el Departamento de Estado”. En otras palabras, la OCAM cumplió cabalmente con la función delegada en ley de asegurarse que los municipios llevasen dicha práctica con la corrección debida, subsanando la posibilidad de que los municipios objetaran la falta de conocimiento ante *634 dicha directriz.
De otra parte, la impugnación del recurrido Municipio de Ceiba basada en la L.P.A.U. es improcedente. Aunque la norma general establece que esa ley no aplica a los gobiernos municipales, 3 L.P.R.A. 2102(a)(5), la misma fue incorporada por referencia al procedimiento de aprobación de ordenanzas municipales, el cual se rige por el Artículo 5.007 de la Ley de Municipios Autónomos. Véase, también, Ponce Vista Mar Dev., Inc. v. Mun. de Ponce, 148 D.P.R. 33, 39 n. 6 (1999) (“Si bien la definición de agencia en la [L.P.A.U.] excluye a los municipios, la Ley de Municipios Autónomos incorpora dicha ley en numerosas instancias de actuaciones municipales.”).
Aceptada la excepción antes descrita como procedente en derecho, a saber, la aplicación de la L.P.A.U. a los municipios en lo que respecta a su obbgación la presentación ante el Departamento de Estado de sus reglamentos de personal, pasemos a explorar a la consecuencia, si alguna, de la no presentación de los reglamentos ante el Departamento de Estado. La respuesta corta ofrecida por el recurrente es la nulidad ab initio del mismo. Le asiste la razón.
IV
A
La Ley de Municipios Autónomos, 21 L.P.R.A. 4109(c), dispone que la rama ejecutiva del gobierno municipal tendrá el deber de “[p]romulgar y publicar las reglas y reglamentos municipales”. Por ser un reglamento el que nos ocupa uno relacionado con personal, la L.P.A.U. dispone que para promulgarse y publicar el Reglamento de la Policía Municipal de Ceiba, éste se debe presentar ante el Departamento de Estado. 3 L.P.R.A. 2128.
Al disponer sobre la promulgación de actos, la Ley de Municipios Autónomos expone que:

“En todo caso que por disposición de este capítulo se requiera la promulgación de cualquier ordenanza, resolución, reglamento o acto municipal, se dará por cumplido tal requisito con la difusión, notificación, o distribución por cualquier medio del acto municipal de que se trate, sin que necesariamente se tenga que publicar un anuncio en un diario de circulación general, a menos que por ley u ordenanza se requiera expresamente tal publicación. El Alcalde, o el funcionario en quien éste delegue, tendrá la responsabilidad de radicar en el Departamento de Estado copia certificada de los reglamentos municipales de aplicación general, así como de las enmiendas a los mismos dentro de los 10 días siguientes a la fecha de su aprobación.

En el caso de las resoluciones y ordenanzas municipales, el Secretario de la Asamblea será el responsable de radicar en el Departamento de Estado no más tarde de los 25 días siguientes a la aprobación final de la medida, un índice en orden cronológico que incluya el título de todas las ordenanzas y resoluciones aprobadas. Dicho índice deberá estar acompañado de una certificación suscrita por el secretario de la asamblea y su presidente.

La omisión de radicar las ordenanzas, resoluciones y reglamentos, no las dejará sin efecto ni impedirá que se ponga en vigor la ordenanza, resolución o reglamento en cuestión, pero el Comisionado podrá imponer una multa administrativa en la forma dispuesta en este subtítulo a los funcionarios que incurran en dicha omisión.”

(Énfasis nuestro.) 21 L.P.R.A. 4256.
Por tanto, aunque el artículo dispone que el municipio tiene la obligación de presentar sus reglamentos generales (a nuestro entender, todo reglamento que no sea de personal) en el Departamento de Estado, el no *635 hacerlo no implica su nulidad por lo que nada impide que se ponga en vigor. En cambio, según expuesto en el análisis que antecede, distinta sería la suerte para los reglamentos de personal municipal, como el Reglamento de la Policía Municipal de Ceiba, ya que el omitir su presentación ante el Departamento de Estado, conforme exige la L.P.A.U., repercute en su vabdez de manera adversa. 21 L.P.R.A. 4552. Veamos en detalle.
La L.P.A.U. define, en su Sección 1.3(m), 3 L.P.R.A. sec. 2101(m), "reglamentación" como "el procedimiento seguido por una agencia para la formulación, adopción, enmienda o derogación de una regla o reglamento". Ésta, a su vez, define "Regla o Reglamento", en su Sección 1.3(1), 3 L.P.R.A. see. 2102(1), como "(c)ualquier norma o conjunto de normas de una agencia que sea de aplicación general que ejecute o interprete la política pública o la ley o que regule los requisitos de los procedimientos o prácticas de una agencia. El término incluye la enmienda, revocación o suspensión de una regla existente".
El procedimiento de reglamentación tipificado en la L.P.A.U. establece que una regla o reglamento aprobado después de la fecha de efectividad de ese Capítulo es nulo si no se cumple sustancialmente con sus disposiciones, 3 L.P.R.A. see. 2127. Es deck, "(p)ara que un reglamento sea válido es necesario que también cumpla con el procedimiento estatutario establecido para su promulgación". M.& B.S. v. Depto. de Agricultura, 118 D.P.R. 319, 330 (1987). Este procedimiento incluye, entre otros requisitos, la notificación de la propuesta de adopción de reglamentación, 3 L.P.R.A. see. 2121; el proveerle la oportunidad a los ciudadanos de someter comentarios por escrito en un término no menor de treinta días a partir de la fecha de pubbcación del aviso, 3 L.P.R.A. see. 2122; el que las agencias (y en el caso de los reglamentos de personal, los municipios) puedan, discrecionalmente, conceder vistas púbbcas, a menos que la ley orgánica u otra ley las hagan obhgatorias, 3 L.P.R.A. see. 2123; y el que una síntesis del contenido del reglamento sea pubbcado en dos periódicos de ckculación general, 3 L.P.R.A. see. 2128. "(E)s imprescindible cumplir con los requisitos de notificación de la regla propuesta, concesión de oportunidad a la ciudadanía de presentar sus escritos y publicación de la regla adoptada. Ellos van a la médula del debido proceso de ley estipulado por la propia ley." D. Fernández Quiñones, op. cit, supra, sec. 3.2.
El Municipio de Ceiba no cumpkó con ninguno de estos requisitos al aprobar el Reglamento de la Pobcía Municipal de Ceiba. Ebo, a su vez, es causa suficiente para declararlo nulo; carece de toda vabdez por lo que el municipio se ve impedido de apbcarlo contra el recurrente para formularle cargos y/o penabzarlo conforme disponga su contenido. De la única manera que se puede utibzar cualquier reglamento de personal municipal para regular toda materia relacionada, será con el cumpbmiento cabal de lo aquí establecido. Su apbcación, entonces, se hará de manera prospectiva, sobre hechos ocurridos con posterioridad a dicho cumpbmiento, partiendo del supuesto, claro está, que se siguió cabalmente el proceso de reglamentación conforme lo dicta la L.P.A.U. y la jurisprudencia apbcable.
Por lo antes expuesto, declaramos la nubdad del Reglamento de la Pobcía Municipal de Ceiba aprobado por la Asamblea Municipal mediante la Ordenanza Número 18 Serie 1998-1999 de 8 de junio de 1999. El primer error imputado fue cometido.
B
Habiendo dictaminado la nubdad del reglamento en cuestión, procede, por último, resolver el efecto que nuestra determinación tendrá sobre el proceso instado contra la parte recurrente por el Municipio de Ceiba. El incumpbmiento del recurrido con el procedimiento de reglamentación, según hemos apostillado, causa el vicio de nubdad, dejando sin fuerza ni efecto de ley el Reglamento de la Pobcía Municipal de Ceiba. Véase, 31 L.P.R.A. 4 (2005). Esto es, toda decisión tomada en vhtud de dicho reglamento es nula, inexistente, y debe darse por no puesta. Recordemos el principio cardinal que nos dice que un reglamento contrario a la ley será nulo. Véase, Martínez v. Departamento de Educación, 148 D.P.R. 648 (1999); P.S.P. v. Comisión Estatal de Elecciones, 110 D.P.R. 400 (1980); Infante v. Tribunal Examinador de Médicos, 84 D.P.R. 308 (1961).
En virtud de todo lo anterior, con el propósito de proteger los intereses propietarios del recurrente, ordenamos la *636 restitución inmediata del recurrente, agente Ángel L. Rivera Santiago en su puesto de Policía Municipal de Ceiba. Ello conllevará que la restitución se hará con todos los beneficios, privilegios y obligaciones. Es deck, ordenamos revertk la situación previa a las acciones del Municipio de Ceiba, restituyendo permanentemente en su puesto de policía municipal al recurrente con todos los beneficios, privilegios, obligaciones, más el pago de salarios y beneficios dejados de devengar durante el período de tiempo en que estuvo suspendido, en contravención con la ley, de sus labores.
y
Habida cuenta de lo anterior, se declara nulo el Reglamento de la Policía Municipal de Ceiba y los actos proscritos en vktud del mismo. Además, se ordena a la parte recurrida el pago a favor del recurrente de los salarios y beneficios dejados de devengar mientras duró la suspensión indebida.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. Lama M. Vélez Yélez
Secretaria del Tribunal de Apelaciones