EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Autoridad de Energía Eléctrica de Puerto Rico (AEE) <br><br> Peticionaria <br><br> v. <br><br> Raymond Rivera Fuentes <br><br> Recurrido | Certiorari <br><br> 2006 TSPR 25 <br><br> 166 DPR \_\_\_\_ |

Número del Caso: CC-2003-629

Fecha: 16 de febrero de 2006

Tribunal de Circuito de Apelaciones:

    Circuito Regional I de San Juan Panel III

Juez Ponente:

    Hon. Antonio J. Negroni Cintrón

Abogados de la Parte Recurrida:

    Lcdo. Andrés Guillemard Noble
    Lcda. Monique Guillemard Noble


Abogada de la Parte Peticionaria:

    Lcda. Joanna Costas Vázquez



Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Autoridad de Energía Eléctrica
de Puerto Rico (AEE)

    Peticionaria

        v.                CC-2003-629     Certiorari

Raymond Rivera Fuentes

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 16 de febrero de 2006.

La Autoridad de Energía Eléctrica recurre ante nos cuestionando una decisión del Tribunal de Apelaciones que desestimó un recurso de revisión por prematuro. El foro apelativo intermedio resolvió que la determinación del Oficial Examinador no era la decisión final de la agencia.

La controversia del caso de autos fue resuelta recientemente por este Tribunal en *Tosado Cortés v. AEE*, res. el 12 de agosto de 2005, 2005 TSPR 113. En dicho caso, concluimos que la determinación del Oficial Examinador de la Autoridad de Energía Eléctrica era la

decisión final de la agencia y, conforme dispone la Ley de Procedimiento Administrativo Uniforme, era revisable por el Tribunal de Apelaciones. Al aplicar lo resuelto en *Tosado Cortés*, *supra*, al presente caso, procede revocar la Sentencia dictada por el Tribunal de Apelaciones. Veamos.

I.

El señor Raymond Rivera Fuentes es empleado de la Autoridad de Energía Eléctrica (AEE) desde 1994, donde laboraba como Supervisor de Asuntos de Mecanización de Telecomunicaciones, División de Operaciones, ubicado en Monacillos. Durante el año 2000, dicha corporación pública realizó un Estudio Organizacional del Área Administrativa de la División de Operación del Sistema Eléctrico, con el fin de identificar posibles cambios para mejorar la eficiencia y la utilización de los recursos disponibles.

Tras evaluar las recomendaciones presentadas en el Estudio Organizacional, la AEE le envió una carta al señor Rivera Fuentes en la que le notificó que se proponía reclasificar su plaza y trasladarlo al puesto de Supervisor de Conservación de Estructuras y Terrenos del Sistema Eléctrico II en la División Central de Palo Seco. En su carta, la AEE le indicó al señor Rivera Fuentes que la reclasificación y el traslado se debieron a la reorganización de la agencia y a las necesidades de servicio del Directorado de Sistema Eléctrico, según le

fue recomendado en el Estudio Organizacional realizado. Además, se le advirtió al señor Rivera Fuentes que tenía derecho a apelar la determinación mediante el *Procedimiento de Querellas para Empleados de Carrera No Unionados*[1] (en adelante, *Procedimiento de querellas*).

Posteriormente, el señor Rivera Fuentes contestó la misiva y, entre otras cosas, adujo que el traslado y la reclasificación no se justificaban conforme al *Reglamento Para Empleados de Carrera No Unionados de la AEE* (en adelante, Reglamento), por lo que solicitó que se le reinstalara en su puesto de Supervisor de Asuntos de Mecanización de Telecomunicaciones en Monacillos. Tras cumplir con los trámites procesales requeridos en el *Procedimiento de querellas*, las partes sometieron sus memorandos de derecho y el asunto se le refirió al licenciado José Roberto Feijóo, Oficial Examinador de la AEE contratado para atender la querella.

Luego de celebrada la vista evidenciaria, el Oficial Examinador declaró con lugar la querella incoada. Éste concluyó que el traslado era nulo conforme al Reglamento, que no obedeció a ninguna necesidad de servicio y que era contrario al propio Estudio Organizacional de la agencia. En consecuencia, ordenó la restitución del señor Rivera Fuentes a su puesto original, con todos los derechos, beneficios y privilegios que tuviera previo a la presentación de la querella.

---

[1] Revisado el 5 de mayo de 1994.

Insatisfecho, la AEE acudió ante el Tribunal de Apelaciones mediante recurso de revisión. Alegó que el Oficial Examinador erró al determinar que el traslado no obedeció a las necesidades de servicio de la agencia. El Tribunal de Apelaciones desestimó el recurso de revisión por considerar que la decisión administrativa no era final y, por lo tanto, carecía de jurisdicción. Razonó que el Oficial Examinador que emitió la decisión no era empleado ni funcionario de la agencia, por lo que carecía de facultad para adjudicar la querella. El foro intermedio concluyó que la decisión del Oficial Examinador es una recomendación u opinión que tiene que ser avalada o adoptada por el Director Ejecutivo de la AEE para que sea final.

Inconforme, recurre ante este Tribunal la AEE. Alega que la decisión del Oficial Examinador es la determinación final de la agencia, por lo que erró el Tribunal de Apelaciones al desestimar el recurso de revisión por prematuro. Acordamos expedir. Las partes presentaron sus respectivos alegatos, por lo que procedemos a resolver con el beneficio de sus comparecencias.

II.

A.

La Sección 4.2 de la LPAU dispone que el Tribunal de Apelaciones podrá revisar las decisiones finales de las agencias administrativas, más no así las resoluciones

interlocutorias. 3 L.P.R.A. sec. 2172. Además, la parte adversamente afectada que solicita revisión debe haber agotado el remedio provisto por la agencia. Tosado Cortés v. AEE, *supra*; Oficina de la Procuradora del Paciente v. Aseguradora MCS, IPA 603, res. el 22 de septiembre de 2004, 2004 TSPR 153. La decisión administrativa es final cuando ha decidido todas las controversias entre las partes y no deja ninguna pendiente por decidir. Demetrio Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 2da ed., FORUM, 2001, Sec. 9.3, pág. 533; Tosado Cortés v. AEE, *supra*.

A pesar de que la LPAU no define lo que es una orden o resolución final, dicha ley sí establece que éstas deberán incluir las determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación. Además, la resolución final de la agencia deberá advertirle a la parte sobre la disponibilidad del recurso de reconsideración o de revisión judicial. Por último, la resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley. 3 LPRA sec. 2164. "Dicha determinación final debe ser emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa." Tosado Cortés v. AEE, *supra* a la pág. 5, *citando a* Bird Const. Corp. v. AEE, 152 DPR 928, 936 (2000).

Con relación a quién tiene la autoridad para adjudicar las querellas presentadas ante las agencias, la Sección 3.3 de la LPAU dispone lo siguiente:

> Toda agencia podrá designar oficiales examinadores para presidir los procedimientos de adjudicación que se celebren en ella, los cuales no tendrán que ser necesariamente abogados, particularmente cuando el procedimiento en cuestión es uno informal.
>
> El jefe de la agencia podrá delegar la autoridad de adjudicar a uno o más funcionarios o empleados de su agencia. A estos funcionarios o empleados se les designará con el título de jueces administrativos. 3 L.P.R.A. sec. 2153.

En el caso de *Tosado Cortés v. AEE*, *supra*, recientemente tuvimos la oportunidad de expresarnos sobre el rol de los Oficiales Examinadores en el procedimiento de adjudicación de las querellas presentadas en las agencias. En aquel caso, al señor Tosado Cortés se le imputó haber violado unas normas de conducta de la AEE. Se celebró una vista administrativa presidida por un Oficial Examinador, quien, al amparo del *Reglamento para los procedimientos de adjudicación de la AEE*[2], concluyó que el empleado no había cometido la violación alegada. La AEE acudió ante el Tribunal de Apelaciones solicitando revisión y ese foro desestimó el recurso por falta de jurisdicción. Razonó el foro apelativo intermedio que la resolución dictada por el Oficial Examinador no era final y que el recurso era prematuro.

---

[2] Reglamento núm. 4109, en vigor desde el 12 de febrero de 1990.

La controversia ante nos en aquella ocasión era si el Oficial Examinador tenía la facultad para adjudicar de forma final la querella. Específicamente, resolvimos que

> [a]l analizar la naturaleza de la decisión administrativa **no podemos considerar, exclusivamente, la denominación que se le ha dado al funcionario o empleado** que la emite dentro del esquema procesal administrativo. Es decir, **el título de oficial examinador o juez administrativo, sin más, no define el carácter de sus funciones y, por tanto, del producto de su trabajo**. Resulta imperativo, además, evaluar las facultades que le han sido delegadas y el tipo de decisión que éstos emiten. (Énfasis suplido.)

Conforme a lo anterior, en *Tosado Cortés* determinamos que el Oficial Examinador sí tenía poder para adjudicar la querella. Concluimos que su determinación era la decisión final de la AEE y que, como tal, era revisable por el Tribunal de Apelaciones.

Por último, resolvimos que el Director Ejecutivo de la AEE puede delegar válidamente en otro funcionario el poder general de adjudicar. Para llegar a esta conclusión nos basamos mayormente en razones prácticas, porque resulta casi imposible que un jefe de agencia presida todas las vistas y adjudique todas las controversias presentadas ante la oficina bajo su dirección. Tosado Cortés, *supra*, a la pág. 6, *citando a* Fernández Quiñones, *supra*, sec. 4.3, pág. 186; B. Schwartz, *Administrative Law*, 3ra ed., Little, Brown & Co., 1991, sec. 6.11, pág. 324. Además, explicamos que, al delegar el poder de adjudicar este tipo de controversias, los involucrados se benefician del *expertise* del adjudicador y, a su vez, el

Director de la agencia puede dedicar su tiempo a desarrollar la política pública que inspiró la creación de la agencia que dirige. Tosado Cortés v. AEE, *supra, citando a* Richard J. Pierce, *Administrative Law Treatise*, 4ta ed., Aspen Law & Bussiness, sec. 8.6, pág. 552.

Con esto en mente, pasemos a analizar las facultades que poseía el Oficial Examinador en el caso de epígrafe.

B.

La Autoridad de Energía Eléctrica es una corporación pública e instrumentalidad autónoma del Estado Libre Asociado, cuya misión es aprovechar y conservar las fuentes fluviales y de energía eléctrica del país[3]. El organismo rector de la AEE es su Junta de Gobierno y este cuerpo es quien designa al Director Ejecutivo de la instrumentalidad. Con el propósito de canalizar las controversias que se susciten con relación a los empleados gerenciales, la Junta de la AEE promulgó el *Procedimiento de querellas* anteriormente citado.

Según éste, la última etapa del trámite ante la agencia consiste en que las partes sometan el agravio a la consideración de un Oficial Examinador. En su Artículo II (3), se define al Oficial Examinador de la forma siguiente:

> [a]bogado que no sea empleado de la Autoridad designado para oír la prueba presentada por las partes y emitir una decisión una vez sometido el caso. Se nombra una lista de oficiales examinadores

_____

[3] La AEE fue creada al amparo de la Ley Núm. 83 de 2 de mayo de 1941, 22 LPRA secs. 191 *et seq.*

con experiencia preferiblemente en el campo laboral.

Más adelante, se establece expresamente que, una vez evaluada la evidencia y las posiciones de las partes, el Oficial Examinador tendrá la facultad de emitir la decisión sobre el caso:

> El Oficial Examinador, a base del récord y de la evidencia presentada, emitirá su decisión conforme a derecho dentro de los treinta (30) días laborables luego de sometido el caso. Las decisiones se emitirán por escrito y tendrán conclusiones de hechos y de derecho. *Procedimiento de querellas*, Art. VII.

El *Procedimiento de querellas* establece que estas decisiones se podrán revisar ante el Tribunal de Apelaciones, conforme dispone la LPAU, siempre y cuando la parte que inste la revisión judicial notifique con copia de la misma al Oficial Examinador y al abogado de la parte contraria. Art. IX.

El *Procedimiento de querellas* también establece cuáles son las funciones del Oficial Examinador, entre ellas: citar testigos y requerir la presentación de documentos [Art. V (1)]; señalar las vistas y hacer todas las notificaciones de éstas; juramentar a los testigos en las audiencias [Art. VI (2)]; dirigir las vistas y resolver todas las cuestiones de derecho y procesales que surjan, además de las referentes a la admisión o exclusión de prueba. También podrá conceder términos a las partes para someter alegatos [Art. VI (4)] y tiene discreción para aplicar reglas de evidencia para

"asegurar que los procedimientos sean justos y rápidos" [Art. VI (5)].

Con el fin de garantizar que la adjudicación sea imparcial, la AEE ha establecido en el *Procedimiento de querellas* que el Oficial Examinador no puede ser empleado de la agencia. Según surge del expediente, la AEE contrata abogados externos que tengan experiencia en el campo de derecho laboral, algunos de éstos ex jueces del Tribunal de Primera Instancia y de Apelaciones, para que diluciden las controversias presentadas por los empleados. Por último, el Art. X del *Procedimiento* aclara que éste "se interpretará liberalmente para permitir el proceso rápido, justo y equitativo para todas las partes".

Visto lo anterior, apliquemos el derecho a los hechos del caso.

### III.

Según hemos expuesto, en el *Procedimiento de querellas* se le ha delegado al Oficial Examinador la facultad de adjudicar las querellas que se presenten al amparo del Reglamento, sin necesidad de trámite procesal adicional alguno. En vista de ello, y conforme a la doctrina establecida en *Tosado Cortés v. AEE*, *supra*, resolvemos que la decisión del Oficial Examinador en este caso es la adjudicación final de la controversia, por lo que cumple con los requisitos para que sea revisable por el Tribunal de Apelaciones.

El foro apelativo intermedio sostiene que es condición indispensable para la validez de la resolución que el adjudicador sea un funcionario o empleado de la agencia y que la delegación del poder de adjudicar a un abogado externo es nula porque viola el texto expreso de la LPAU. No podemos estar de acuerdo con dicha conclusión.

Con relación al requisito de que el adjudicador de la querella sea "empleado o funcionario" de la agencia, en *Tosado Cortés* resolvimos que "el Oficial Examinador, al descargar estas funciones propiamente administrativas, funge como un funcionario de la AEE". Tosado Cortés v. AEE, *supra* a la pág. 20. Es decir, entendemos que la interpretación del foro apelativo intermedio sobre el significado de la clasificación "empleado o funcionario" es demasiado rígida. Para propósitos de evaluar la finalidad de una decisión administrativa, no podemos importar el mismo análisis que utilizaríamos en un caso laboral tradicional para determinar si un trabajador posee o no derecho a ciertos beneficios marginales[4]. Simple y llanamente, la labor del Oficial Examinador en este caso redunda en un beneficio público, en particular para la agencia concernida, independientemente de que éste no forme parte de la nómina de empleados regulares

---

[4] En este sentido, no se trata de determinar si el Oficial Examinador tiene derecho a vacaciones, a seguro médico, o si es contratista independiente para propósitos de la cubierta del Fondo del Seguro del Estado, entre otras consideraciones.

de la AEE. Por consiguiente, puede ser considerado como funcionario de esa agencia para fines de la Sección 3.3 de la LPAU.

Además, debemos recordar que el propósito para el que se creó la AEE no fue para adjudicar querellas sobre reclasificaciones y traslados de sus empleados, sino que esta corporación pública tiene una encomienda legislativa muy distinta – desarrollar, administrar y conservar las fuentes fluviales y de energía eléctrica del país. En cambio, la adjudicación de querellas presentadas por los empleados de esta instrumentalidad es una tarea necesaria, pero incidental a la misión principal de la AEE.

Por estas razones, se justifica que el Director Ejecutivo delegue esta tarea a otros funcionarios especializados, capaces de evaluar y adjudicar las controversias de una forma imparcial, como lo son los abogados con experiencia en derecho laboral que contrata la AEE. Requerir que el adjudicador de las querellas sea un empleado o funcionario regular de la AEE en nada garantiza que la adjudicación será imparcial, que en última instancia es la garantía principal de la LPAU[5].

---

[5] *Véanse* sobre el particular la Sec. 3.1 de la LPAU, 3 LPRA sec. 2151; Torres Acosta v. Junta Examinadora de Ingenieros, Arquitectos y Agrimensores del Estado Libre Asociado de Puerto Rico, res. el 27 de abril de 2004, 2004 TSPR 65; Magriz Rodríguez y otro v. Empresas Nativas, Inc., Force Constructors, S.E., 143 DPR 63, 70 (1997).

Por último, en este caso es importante el hecho de que es la propia AEE quien solicita la revisión de la determinación del Oficial Examinador. Esta actuación implica que la agencia, al aplicar su propio Reglamento y *Procedimiento de querellas*, parte de la premisa que este funcionario designado tiene poder para adjudicar la querella de forma final y que no queda trámite administrativo alguno por realizar. Esta interpretación merece nuestra deferencia.

En conclusión, la delegación expresa del poder de adjudicación al Oficial Examinador en el *Procedimiento de querellas* es válida conforme a la LPAU y a lo resuelto en *Tosado Cortés*, *supra*. No es un requisito *sine qua non* que el adjudicador sea funcionario o empleado regular de la agencia. Basta con que el Oficial Examinador ejerza funciones propias del Director Ejecutivo de la AEE, por delegación de la agencia, en los procedimientos de adjudicación de querellas como el de autos.

En atención a lo anterior, entendemos que no es necesario requerir que el jefe de agencia tenga que acoger o avalar la decisión del Oficial Examinador para que ésta sea final y así concluir el trámite administrativo. Resolver de esta manera añadiría otro eslabón en el proceso y alargaría indebidamente el trámite de resolución de querellas. No debemos perder de perspectiva que los procedimientos ante las agencias administrativas deben ser ágiles y estar libres de

escollos procesales innecesarios, de manera que se cumpla con el propósito cardinal de buscar la solución más justa, rápida y económica para las partes involucradas. 3 LPRA sec. 2163; Otero Mercado v. Toyota de Puerto Rico, res. el 3 de febrero de 2005, 2005 TSPR 8.

Por todo lo antes expuesto y conforme a lo resuelto en *Tosado Cortés v. AEE*, *supra*, somos del criterio que al Oficial Examinador de la Autoridad de Energía Eléctrica se le delegó válidamente el poder de adjudicar la querella incoada por el señor Rivera Fuentes al amparo del *Reglamento Para Empleados de Carrera No Unionados de la AEE* y al *Procedimiento de querellas* correspondiente. La determinación del Oficial Examinador es la decisión final de la agencia y no es necesario que el Director Ejecutivo de la AEE la acoja para que el Tribunal de Apelaciones tenga jurisdicción sobre el recurso de revisión ya que, en el caso de autos, no queda trámite administrativo alguno por completar.

IV.

Por los fundamentos expresados, revocamos la resolución del Tribunal de Apelaciones y devolvemos el caso a dicho foro para la continuación de los procedimientos de revisión de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor

Rivera Pérez emitió Opinión Disidente. El Juez Asociado

señor Rebollo López no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Autoridad de Energía Eléctrica
de Puerto Rico (AEE)

       Peticionaria

           v.

Raymond Rivera Fuentes

       Recurrido

CC-2003-629


Opinión Disidente emitida por el Juez Asociado señor Rivera Pérez.


San Juan, Puerto Rico, a 16 de febrero de 2006.

La mayoría concluye que la controversia del caso de autos fue resuelta recientemente por este Tribunal en Tosado Cortés v. A.E.E., res el 12 de agosto de 2005, 2005 T.S.P.R. 113. En dicho caso concluimos que la determinación del Oficial Examinador de la A.E.E. era la decisión final de la agencia y, conforme dispone la Ley de Procedimiento Administrativo Uniforme era revisable por el Tribunal Apelativo. La mayoría expresa, que respecto al requisito estatutario de que el adjudicador de la querella tiene que ser "empleado o funcionario" de la agencia, resolvimos en Tosado Cortés v. A.E.E., *supra*

que el "Oficial Examinador, al descargar esas funciones, que son propiamente administrativas, funge como un funcionario de la A.E.E. La Mayoría concluye, además, que el Director Ejecutivo de la A.E.E. puede delegar la tarea administrativa de adjudicar querellas presentadas por empleados en contra de la agencia a personas que entiende como especializadas en la materia, que no son "empleados o funcionarios" de la misma. Después de reexaminar este asunto creemos que el Tribunal se equivocó al resolver el caso de Tosado Cortés v. A.E.E., *supra* por ser incorrecto lo allí pautado sobre ese aspecto. Por tal motivo **DISIENTO** del curso de acción aquí tomado. Un error no justifica otro error.

Mediante el recurso presentado ante nos se solicita la revocación de una resolución emitida por el Tribunal de Apelaciones. La resolución recurrida desestimó el recurso para revisar una decisión administrativa de la Autoridad de Energía Eléctrica. El foro intermedio apelativo entendió que el recurso presentado ante su consideración era prematuro, toda vez que no había concluido el trámite administrativo ante la consideración de la agencia recurrida. Concluyó que el Oficial Examinador que emitió la decisión, quien no era empleado o funcionario público sino que fue contratado por dicha agencia de gobierno, carecía de la facultad para adjudicar la querella. Sostuvo que la decisión administrativa era una recomendación u opinión que, para ser final, tenía que ser avalada y

adoptada por el Director Ejecutivo de la Autoridad de Energía Eléctrica, a tenor con la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico. Veamos el cuadro fáctico que origina el presente recurso.

I

El señor Raymond Rivera Fuentes, presentó una querella contra la Autoridad de Energía Eléctrica, en adelante "A.E.E.", corporación pública para la que trabaja desde diciembre de 1994, cuestionando su reclasificación y traslado a la plaza de Supervisor de Conservación de Estructuras y Terrenos de Sistema Eléctrico II en la División Central de Palo Seco.[6] Previo al traslado, el señor Rivera Fuentes, se desempeñaba como Supervisor de Asuntos de Mecanización de Telecomunicaciones, División de Operaciones. Dicho puesto estaba asignado al área de Monacillos.

Alegadamente, el traslado del querellante obedeció a las recomendaciones de un Estudio Organizacional del área **Administrativa** de la División de Operaciones del Sistema Eléctrico.[7] El referido estudio, incluyó el puesto del

---

[6] La querella fue presentada de conformidad con el Reglamento de Personal Para Empleados de Carrera No Unionados y canalizada según lo dispuesto en el **Procedimiento de Querellas Para Empleados de Carrera No Unionados**.

[7] Dicho estudio fue realizado por el Departamento de Estudios y Procedimientos Corporativos el 14 de agosto de 2000, basado en la Sección 1027.6.1 del Capítulo 100 del

querellante aún cuando, conforme al organigrama sometido en evidencia, el mismo pertenecía al área de **telecomunicaciones** y no al área administrativa en cuestión.[8]

Al cuestionar el traslado, el querellante adujo que el mismo no debió haber sido ordenado, pues se justificaba que su plaza permaneciera en el área de telecomunicaciones en lugar de clasificarla como "excedente", conforme a la recomendación del referido estudio organizacional. Asimismo, solicitó que se le reinstalara a su puesto de Supervisor de Asuntos de Mecanización de Telecomunicaciones, ubicado en Monacillos.[9]

Por su parte, la A.E.E. alegó que el traslado era necesario, toda vez que el señor Rivera Fuentes no estaba llevando a cabo las funciones de su puesto, según demostró el estudio organizacional en cuestión. Añadió, que la plaza que ocupaba el señor Rivera Fuentes no tenía personal a su cargo, por lo que no realizaba las funciones que

---

Manual Administrativo. El estudio organizacional tenía como propósito el evaluar la organización del área administrativa de la División de Operación del Sistema Eléctrico, para determinar la viabilidad de simplificar los procesos, agilizar y maximizar la utilización de los recursos necesarios. Apéndice del recurso de *Certiorari*, págs. 98-106.

[8] Resolución emitida por el Oficial Examinador de 11 de junio de 2002, Apéndice del recuso de *Certiorari*, págs. 98-106.

[9] Carta al señor Carlos Reyes Berríos, Administrador de la División de Operaciones de Sistemas Eléctricos de 1 de septiembre de 2000, Apéndice del recurso de *Certiorari*, págs. 132-133. Véase además, Moción mostrando causa por la cual no se debe expedir el recurso de revisión, Apéndice del recurso de *Certiorari*, págs. 22-34.

establecía su especificación de clase. Arguyó además, que el señor Rivera Fuentes llevaba un año asignado a un proyecto especial, por lo que se justificaba y era lógico acoger la recomendación formulada en el referido estudio organizacional del área administrativa de la División de Operaciones.[10]

Debido a que el **Procedimiento de Querellas Para Empleados de Carrera No Unionados de la A.E.E**[11], provee un mecanismo mediante el cual, contrario a las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico[12], en adelante L.P.A.U., designa y delega en un oficial examinador la facultad de emitir una decisión final, la querella fue

---

[10] Carta al señor Raymond Rivera Fuentes de 14 de septiembre de 2000, Apéndice del recurso de *Certiorari*, págs. 130-131. Véase además, Solicitud de Revisión de la A.E.E., Apéndice del recurso de *Certiorari*, págs. 64-82.

[11] Amparándose en la Ley de Energía Eléctrica de Puerto Rico, 22 L.P.R.A. sec. 191 *et seq.*, y en la Ley de Personal de Servicio Público, 3 L.P.R.A. sec. 1338, el 21 de julio de 1992 la Junta de Gobierno de la A.E.E. adoptó el Reglamento de Personal de Empleados de Carrera No Unionados. El artículo 15 del mencionado reglamento dispone que "toda queja relacionada con cualquier acción por parte de la Autoridad y las apelaciones de toda determinación que tome la Autoridad Nominadora [sic] que afecten a un empleado en cualquier área excluyendo lo relacionado con el procedimiento disciplinario, se canalizarán según lo dispuesto en el Procedimiento de Querellas de Empleados de Carrera No Unionados". El Artículo III del referido **Procedimiento de Querellas Para Empleados de Carrera No Unionados de la A.E.E.**, provee un mecanismo de "Niveles de Ajuste" que deberá utilizar cualquier empleado de carrera de la A.E.E. no Unionado que alegue la violación a sus derechos bajo las normas administrativas.

[12] Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2101 *et seq.*, según enmendada.

referida al licenciado José R. Feijóo, oficial examinador designado por la A.E.E. para atender el caso.

Luego de celebrada la vista, el 11 de junio de 2002, el oficial examinador emitió la resolución declarando con lugar la querella instada. Decretó la nulidad del traslado y ordenó a la A.E.E. a reinstalar al señor Rivera Fuentes a la posición donde prestaba servicio y asignarle funciones propias de la clasificación original de su puesto.[13]

Específicamente, dispuso sobre el traslado lo siguiente:

> [...] no tiene como base ninguna necesidad de servicio que lo justifique en adición a ser contrario al Artículo 8.2 del Reglamento de Personal para Empleados No Unionados, particularmente el Artículo 8.2(3) y a las recomendaciones del propio estudio. La querellada debe reinstalar al querellante al Directorado donde prestaba servicio y asignarle las funciones propias de la clasificación que ostentaba previo al traslado, así como cualquier beneficio a que tuviere derecho. Siendo el traslado nulo, la determinación restituye al querellante todos los derechos, beneficios y privilegios que ostentaba previo a dicha acción.[14]

La resolución dictada por el Oficial Examinador fue notificada con copia a las partes. Oportunamente, la A.E.E. presentó una moción de reconsideración la cual fue denegada mediante resolución emitida el 23 de julio de

---

[13] *Supra*, Apéndice del recuso de *Certiorari*, págs. 98-106.

[14] Íd., pág.104.

2002.[15]   Inconforme con la anterior decisión, la A.E.E. acudió al Tribunal de Apelaciones mediante recurso de revisión alegando que el Oficial Examinador erró al determinar que el traslado no tuvo como base la necesidad del servicio.   Además, señaló como error no darle validez al estudio organizacional y concluir que el señor Rivera Fuentes no fue reubicado dentro del Directorado del Sistema Eléctrico.[16]

El 23 de mayo de 2003, el Tribunal de Apelaciones emitió una sentencia en la que desestimó el recurso de revisión presentado ante su consideración, archivada en autos copia de su notificación a las partes el 30 de mayo de 2003.   Concluyó que la resolución recurrida no había puesto fin al trámite administrativo.   Puntualizó que la L.P.A.U. no reconoce al Oficial Examinador como funcionario o persona facultada para emitir un dictamen final que vincule a las partes.   Determinó que, independientemente del nombre que se le asignó al funcionario, "Oficial Examinador", a éste se le facultó para emitir decisiones finales a nombre de la A.E.E.[17]   Concluyó, además, que la designación del Oficial Examinador con facultad para emitir

---

[15] Resolución emitida por el Oficial Examinador de 23 de julio de 2002, Apéndice del recurso de Certiorari, págs. 85-86.

[16] *Supra*, Apéndice del recurso de *Certiorari*, págs. 64-83.

[17] Entendió el Tribunal de Apelaciones que el "nombre no hace la cosa", por lo que debía analizarse si el Oficial Examinador podía ser considerado como un Juez

decisiones finales, contrario a lo dispuesto por las secciones 3.3 y 3.14 de la L.P.A.U.[18], no recayó en un funcionario o empleado público sino en una persona contratada por una agencia de gobierno que "no ha sido investido de parte de la soberanía del Estado..."[19].

Insatisfecha, la aquí peticionaria presentó oportunamente una moción de reconsideración[20], la cual fue denegada mediante resolución emitida el 27 de marzo de 2003; archivada en autos copia de su notificación a las partes el 8 de julio de 2003.[21]

Inconforme, la A.E.E. acude ante nos mediante recurso de *certiorari*, señalando como error lo siguiente:

> **Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar el recurso de revisión interpuesto por la parte aquí peticionaria por el fundamento de que el mencionado recurso resultaba prematuro por no tratarse en opinión del Honorable Tribunal, de una decisión final de la Autoridad de Energía Eléctrica.**

Examinadas las comparecencias de las partes y los autos del presente caso, nos encontramos en posición de expresarnos. Confirmaríamos al foro recurrido. Veamos.

---

Administrativo *de jure*. Véase, Apéndice del recurso de *Certiorari*, pág. 20.

[18] 3 L.P.R.A., secs. 2153 y 2164.

[19] Sentencia del Tribunal de Apelaciones de 23 de mayo de 2003, Apéndice del recurso de *Certiorari*, pág. 20.

[20] Apéndice del recurso de *Certiorari*, págs. 4-12.

[21] Íd., pág.1.

II

## La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico

La L.P.A.U. establece un procedimiento uniforme para la revisión judicial de órdenes, resoluciones y providencias dictadas por las agencias administrativas. La sección 4.2 de la L.P.A.U.[22] define el ámbito de la revisión judicial de las agencias administrativas. Del mismo modo, establece cuándo procede la revisión y quién tiene acción legitimada para acudir a los tribunales. En lo pertinente dispone lo siguiente:

> Una parte adversamente afectada por una orden o resolución **final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones [ahora Tribunal de Apelaciones], dentro del termino de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución **final** de la agencia o a partir de la fecha aplicable de las dispuestas en a sec.2165 de este título, cuando el término para solicitar revisión haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis suplido).

Conforme se desprende de la anterior disposición, la facultad revisora del Tribunal de Apelaciones solamente puede ejercerse sobre resoluciones y órdenes **finales** de una

---

[22] 3 L.P.R.A., sec. 2172.

agencia.[23] El artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico[24] dispone que el Tribunal de Apelaciones conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas.[25]

A tales fines, la sección 3.14 de la L.P.A.U., *supra*, dispone en cuanto a una orden o resolución final lo siguiente:

> Una **orden o resolución final** deberá ser emitida por escrito...
>
> ...La orden o resolución deberá ser firmada por el **jefe de la agencia o cualquier otro funcionario autorizado por ley**.
>
> La orden o resolución advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes. Cumplido este requisito, comenzarán a correr dichos términos. (Énfasis suplido).

De este modo, la Asamblea Legislativa limitó la revisión judicial exclusivamente a resoluciones u órdenes finales de las agencias. Al así hacerlo, se aseguró que la intervención judicial se realizará después de que concluyen los trámites administrativos y se adjudiquen todas las

---

[23] Véase, <u>Padilla Falú v. Administración de Vivienda de Puerto Rico</u>, 2001 T.S.P.R. 130, 2001 J.T.S 135, 155 D.P.R. ____ (2001); <u>Junta Examinadora de Tecnólogos Médicos v. Elías et al</u>, 144 D.P.R. 483 (1997).

[24] Ley 201 del 22 de agosto de 2003, 4 L.P.R.A. sec.22 *et seq.*

[25] Íd., sec. 24y(c).

controversias pendientes ante la agencia. La intención legislativa persigue evitar una intromisión indebida y a destiempo en el trámite administrativo de parte de los tribunales. Pretende que la decisión administrativa refleje la decisión final de la agencia, culminen las controversias presentadas ante ésta, y tenga efectos sustanciales sobre las partes.[26]

Con respecto a las figuras que participan en los procesos de adjudicación administrativos existen dos tipos de funcionarios: los oficiales examinadores y los jueces administrativos.

En lo que a ellos concierne, la sección 3.3 de la L.P.A.U.,*supra*, dispone lo siguiente:

> Toda agencia podrá designar oficiales examinadores para presidir los procedimientos de adjudicación que se celebren en ella, los cuales no tendrán que ser necesariamente abogados, particularmente cuando el procedimiento en cuestión es uno informal.
> **El jefe de la agencia podrá delegar la autoridad de adjudicar a uno o más funcionarios o empleados de su agencia. A estos funcionarios o empleados se les designará con el título de jueces administrativos.**
> En casos cuyos hechos planteen controversias adjudicables bajo la autoridad de más de una agencia, los jefes de las agencias concernidas **podrán delegar en un solo juez la adjudicación del caso, el cual podrá ser funcionario o empleado de cualquiera de dichas agencias.** (Énfasis suplido).

---

[26] Padilla Falú v. A.V.P., *supra*.

Es norma reiterada de hermenéutica que la letra clara de una ley es la mejor expresión del espíritu de la misma. Cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa[27]. Por ello, al interpretar la ley nos vemos obligados a cumplir con el referido principio de hermenéutica establecido en el Artículo 14 de nuestro Código Civil[28], que dispone que: "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su espíritu".[29] El referido principio conduce nuestra interpretación del estatuto en cuestión.

Concluimos que el oficial examinador es aquel funcionario designado para presidir una vista, sin poder de adjudicación. Sus funciones se limitan a presidir, recibir la evidencia ofrecida por las partes, asegurarse que se cumplan las normas procesales aplicables y que se conduzca el proceso en forma justa y equitativa. El oficial examinador escucha la prueba testifical, recibe la prueba documental y rinde un informe al funcionario que tiene la autoridad adjudicativa, que puede ser un juez

---

[27] Guzmán v. Calderón *et al*, 2005 T.S.P.R. 33, 2005 J.T.S. 38, 164 D.P.R.___(2005), Op. de Conformidad emitida por el Juez Asociado señor Rivera Pérez; Santiago v. Supte. Policía de P.R., 151 D.P.R. 511 (2000); Alejandro Rivera y Otros v. ELA, 140 D.P.R. 538 (1996).

[28] 31 L.P.R.A. sec. 14.

[29] Véase además, Dávila, Rivera v. Antilles Shipping, Inc., 147 D.P.R. 483(1999); Depto. de la Familia v. Soto, 147 D.P.R. 618 (1999).

administrativo o el jefe de la agencia, con sus determinaciones de hechos y recomendaciones.[30]

La referida disposición estatutaria define el juez administrativo como aquel **funcionario o empleado** de la agencia, al cual el jefe de la agencia delega su autoridad de adjudicar. La delegación de dicha autoridad, convierte al juez administrativo en un funcionario autorizado en ley para emitir órdenes o resoluciones **finales** a nombre de la agencia.[31]

En síntesis, y como acertadamente puntualizó el Tribunal de Apelaciones, (1) el Oficial Examinador no cuenta con facultad delegada para adjudicar la controversia en nombre de la agencia administrativa; (2) su recomendación podría ser acogida por el jefe de la agencia, quien emite la decisión, y así convertirse en una resolución final de la agencia; y, (3) el jefe de la agencia podría delegar la facultad de adjudicar a un Juez Administrativo que sea un funcionario o empleado de la agencia administrativa.[32]

---

[30] 3 L.P.R.A. sec. 2168.

[31] Al reconocer la facultad del jefe de la agencia de delegar la autoridad de adjudicar a jueces administrativos, "[q]ueda resuelta la cuestión de que no es necesario que el jefe de la agencia tenga que personalmente resolver y adjudicar la controversia. La cantidad enorme de adjudicaciones que celebran [sic] algunas agencias hace imposible que el jefe de la agencia conduzca personalmente la audiencia". D. Fernández, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Forum, pág. 186.

[32] *Supra*, Apéndice del recurso de *Certiorari*, pág. 18.

III

## Procedimiento de Querellas Para Empleados de Carrera No Unionados

Por virtud de la Ley de Energía Eléctrica de Puerto Rico[33], se creó la A.E.E. como una corporación pública autónoma del Estado. Dicho estatuto dispone que la A.E.E. será gobernada por una Junta. Ese cuerpo quedó facultado, a su vez, para adoptar reglamentos al amparo de los cuales se regirán los asuntos administrativos y operacionales de la agencia. El referido estatuto dispuso que le corresponderá a la Junta "efectuar nombramientos, separaciones, ascensos, traslados, ceses, reposiciones, suspensiones, licencias, y cambios de categoría, remuneraciones o título [sic] de los funcionarios y empleados de la Autoridad según dispongan las normas y reglamentos que prescriba la Junta".[34]

Amparándose en el referido estatuto y en la Ley de Personal del Servicio Público[35], el 21 de julio de 1992 la Junta de Gobierno de la A.E.E. emitió la Resolución 2386 mediante la cual adoptó el Reglamento de Personal de la A.E.E. para Empleados de Carrera No Unionados. El artículo 15 del referido cuerpo reglamentario dispone, en lo pertinente, lo siguiente:

> [t]oda queja relacionada con
> cualquier acción por parte de la

---

[33] 22 L.P.R.A. sec. 191 *et seq.*

[34] Íd., sec. 197(a).

[35] 3 L.P.R.A. sec. 1301 *et seq.*

> Autoridad y las apelaciones de toda determinación que tome la Autoridad Nominadora [sic] que afecten a un empleado en cualquier área excluyendo lo relacionado con el procedimiento disciplinario, se canalizarán según lo dispuesto en el **Procedimiento de Querellas Para Empleados de Carrera No Unionados**.(Énfasis suplido).

Un examen del **Procedimiento de Querellas Para Empleados de Carrera No Unionados**, revela que éste provee un mecanismo en el que, contrario a las disposiciones de la L.P.A.U., se designa y delega a un oficial examinador la facultad de emitir una decisión final. En lo pertinente, el articulo VII dispone lo siguiente:

> El Oficial Examinador, a base del record y de la evidencia presentada, emitirá su decisión conforme a derecho dentro de los treinta (30) días laborables luego de sometido el caso. Las decisiones se emitirán por escrito e incluirán separadamente determinaciones de hechos y de derecho. El Oficial Examinador notificará por correo toda Decisión [sic] a las partes y a sus respectivos abogados haciendo constar en autos la fecha de notificación y el nombre y dirección de cada persona notificada. Además, se advertirá a la parte afectada la disponibilidad del recurso de reconsideración señalando que es requisito jurisdiccional.

Del mismo modo, el artículo IX del **Procedimiento de Querellas Para Empleados de Carrera No Unionados** dispone que las decisiones del oficial examinador podrán ser revisadas ante el Tribunal Superior, hoy Tribunal de Apelaciones.

En virtud de la referida disposición reglamentaria, la A.E.E. ha designado ex Jueces Superiores, ex Jueces de Apelaciones y abogados con experiencia en el derecho laboral y en el procedimiento adjudicativo, como oficiales examinadores con facultad de emitir decisiones finales.[36] Éstos no son funcionarios ni empleados de la A.E.E., sino que son personas privadas contratadas por ésta para escuchar la prueba y emitir una decisión final.

El artículo II del referido **Procedimiento de Querellas Para Empleados de Carrera No Unionados** exige que el oficial examinador no sea empleado de la agencia. Al definir la figura del oficial examinador dispone que será un "abogado que **no sea empleado** de la Autoridad, designado para oír la prueba presentada por las partes y **emitir una decisión** una vez sometido el caso. Se nombra de una lista de oficiales examinadores con experiencia preferiblemente en el campo laboral".[37] (Énfasis suplido).

Como señaláramos anteriormente, de las referidas disposiciones reglamentarias surge que el **Procedimiento de Querellas Para Empleados de Carrera No Unionados**, contrario a las disposiciones de la L.P.A.U., provee un mecanismo mediante el cual se designa y delega a un **oficial examinador** la facultad de emitir una decisión **final**.

---

[36] Alegato de la Parte Peticionaria, págs. 10-12.

[37] Procedimiento de Querellas Para Empleados de Carrera No Unionados, Apéndice del recurso de *Certiorari*, pág. 566.

Exige, además, en contravención a la ley, que no sea empleado o funcionario de la agencia.


                                IV

Es norma conocida en nuestro ordenamiento jurídico que un reglamento promulgado por una agencia para administrar funciones dispuestas por ley, puede complementarla, pero nunca estar en conflicto con ella.[38]  Todo reglamento aprobado por una agencia administrativa cubierta por la L.P.A.U., tiene que ajustarse a lo dispuesto por la misma, por lo que un reglamento o actuación administrativa claramente en conflicto o en contra de la ley es nulo.[39]

En el caso de autos, la resolución cuya revisión se solicita está suscrita por el licenciado José R. Feijóo, oficial examinador designado y facultado por la A.E.E. para emitir decisiones finales a nombre de la agencia.  De la sección 3.3 de la L.P.A.U, *supra,* surge claramente y libre de toda ambigüedad, que el oficial examinador no cuenta con la facultad delegada por ese estatuto para adjudicar la controversia en nombre de una agencia administrativa.  Por ello, éste no puede emitir una resolución u orden final que

---

[38] Pérez v. Com. Rel. Trab. Serv. Púb., 2002 T.S.P.R. 133, 2002 J.T.S. 139, 158 D.P.R. ___ (2002); Asoc. Fcias. Com. v. Depto. De Salud, 2002 T.S.P.R. 13, 2002 J.T.S. 18, 156 D.P.R. ___ (2002); P.S.P. v. Comisión Estatal de Elecciones, 110 D.P.R. 400, 409 (1980).

[39] Martínez v. Departamento de Educación, 148 D.P.R. 648 (1999); P.S.P. v. Comisión Estatal de Elecciones, *supra;* Infante v. Tribunal Examinador de Médicos, 84 D.P.R. 308 (1961).

oblique a las partes.  El nombre no hace la cosa, lo cierto es que se le facultó al licenciado José R. Feijóo para emitir decisiones finales a nombre de la A.E.E.  Ahora bien, a pesar de que la designación del licenciado Feijóo se realizó conforme al **Procedimiento de Querellas Para Empleados de Carrera No Unionados**, es evidente que no cualifica *de jure* como un juez administrativo, toda vez que la facultad de adjudicar delegada por la A.E.E. no recayó en un funcionario o empleado público, según lo requiere la sección 3.3 de la L.P.A.U.,*supra*.  La referida disposición estatutaria faculta al jefe de la agencia a delegar la autoridad de adjudicar a **uno o más funcionarios o empleados de su agencia**.

En el caso ante nos, el licenciado Roberto R. Feijóo no es funcionario ni empleado de la A.E.E. sino una persona del sector privado contratada para escuchar la prueba y emitir una decisión final.  En total contravención al lenguaje inequívoco de la L.P.A.U., la A.E.E. ha designado a personas como oficiales examinadores con facultad de emitir decisiones **finales**, sin ser éstos empleados o funcionarios de la agencia.[40]

Concluimos, ante el lenguaje claro e inequívoco de la L.P.A.U, que la infraestructura jurídica estatutaria no autoriza al jefe de una agencia a delegar su autoridad para adjudicar una controversia de manera final a un oficial examinador.  Tampoco permite que delegue tal autoridad a un

---

[40] Alegato de la Parte Peticionaria, págs. 11-12.

juez administrativo que no sea un empleado o funcionario de la agencia. Por lo que la delegación de autoridad conferida en este caso al licenciado José R. Feijóo es nula.

Arguye la A.E.E. que la disposición reglamentaria del **Procedimiento de Querellas Para Empleados de Carrera No Unionados** que delega en un oficial examinador la autoridad de emitir una decisión final, provee unas garantías adicionales a las disposiciones de la L.P.A.U., en cuanto "le otorga la facultad de emitir resoluciones u órdenes finales a personas externas que gozan de gran reputación en el campo jurídico sin perjuicio del derecho de las partes de solicitar reconsideración o revisión judicial".[41] Aduce la A.E.E., aquí peticionaria, que no existe ninguna garantía mayor para sus empleados por el hecho de que el adjudicador de las querellas presentadas en su contra sea uno de sus funcionarios o empleados.[42] Tales argumentos son improcedentes.

Dentro de nuestro expediente surge que el reclamo del querellante es dirigido contra la A.E.E. como empleado. Dicho reclamo tiene, bajo la L.P.A.U., que ser resuelto por un juez administrativo que sea empleado o funcionario de la A.E.E. Por imperativo constitucional del debido proceso de ley, la A.E.E. y su Director Ejecutivo no pueden ser parte y a la misma vez ser parte o el organismo formal de

---

[41] Íd., pág.11.

[42] Íd.

naturaleza cuasijudicial donde los empleados impugnan y se querellan de sus propias actuaciones. Partiendo de la premisa que la sección 3.3 de la L.P.A.U., *supra*, se presume válida desde una perspectiva constitucional, consideramos a la A.E.E. y al juez administrativo que contempla el referido estatuto, como entes separados e independientes a los efectos de sus funciones particulares.[43]

El equivalente a lo que la A.E.E. pretende, es que esta Curia enmiende una ley cuyo texto es claro. Lo anterior es contrario al principio de separación de poderes que permea nuestro sistema republicano de gobierno, bajo el cual la función de la Rama Judicial es interpretar la ley, no formular política pública, ni mucho menos dirigir tal ejercicio.[44] Esa facultad le corresponde a las Ramas Legislativa y Ejecutiva. No nos corresponde, por lo tanto, juzgar la bondad o sabiduría del legislador al aprobar una legislación, ni debemos frustrar los propósitos de un estatuto cuando la letra es clara y expresa sin ambigüedad su intención.[45] Somos del criterio que cuando el lenguaje de la ley es claro e inequívoco, nuestra responsabilidad es

---

[43] Marcano Rivera v. Depto. de Estado, 2005 T.S.P.R. 12, 2005 J.T.S. 16, 163 D.P.R. ___ (2005); Rafael Rosario & Associates, Inc. v. Departamento de la Familia, 2002 T.S.P.R. 84, 2002 J.T.S. 93, 157 D.P.R.___ (2002).

[44] Este principio está contenido en la Sección 2 del Artículo I de la Constitución de Puerto Rico, Documentos Históricos, 1 L.P.R.A., Art. I, Sec.2, pág.256. Véase Corraliza v. Bco. Des. Eco., 2001 T.S.P.R. 2, 2001 J.T.S. 5, 153 D.P.R.___ (2001).

[45] Famania v. Corp. Azucarera de P.R., 113 D.P.R. 654 (1982).

respetar la voluntad legislativa, independientemente de nuestro criterio personal.[46]

Resolvemos, pues, que la delegación conferida por la A.E.E. al licenciado José R. Feijóo para adjudicar una controversia de manera final es nula por recaer en una persona que no es funcionario ni empleado de la A.E.E. conforme lo requieren **expresamente** las secciones 3.3 y 3.14 de la L.P.A.U., *supra*.

Del mismo modo, entendemos como procedente decretar nulas las disposiciones del **Procedimiento de Querellas Para Empleados de Carrera No Unionados** que facultan a personas privadas contratadas por la A.E.E. para escuchar y recibir la evidencia de las partes y emitir decisiones finales, en contravención con lo dispuesto en las secciones 3.3 y 3.14 de la L.P.A.U, *supra*. En específico, el inciso (3) del artículo III y los artículos VII, VIII, y IX del referido Procedimiento.

V

Por los fundamentos antes expuestos, concluimos que actuó correctamente el foro intermedio apelativo al desestimar el recurso de revisión presentado por la A.E.E., al entender que el mismo era prematuro al no haber concluido el trámite administrativo en cuestión. Confirmaríamos la sentencia recurrida, emitida por el

---

[46] Delgado Hernández, Ex Parte, 2005 T.S.P.R. 95, 2005 J.T.S. 100, 165 D.P.R.___ (2005); Pueblo v. Zayas Rodríguez, 147 D.P.R. 530 (1999).

entonces Tribunal de Circuito de Apelaciones.  Por no ser ese el curso de acción de la mayoría DISENTIMOS.


                              Efraín E. Rivera Pérez
                                 Juez Asociado